1 | Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
2 | Ashley M. Teesdale (State Bar No. 289919)
ashley@ringstadlaw.com
3 | RINGSTAD & SANDERS, LLP
4910 Birch Street, Suite 120
4 | Newport Beach, CA 92660
Telephone: (949) 851-7450
5 | Facsimile:  (949) 851-6926

6 | General Bankruptcy Counsel for
Thomas H. Casey, Chapter 11 Trustee

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10 | In re                                        Case No. 8:22-bk-10296-SC

11 | ARIAN MOWLAVI,                   Chapter 11 Proceeding

12 |                     Debtor.          **CHAPTER 11 TRUSTEE'S MOTION FOR
ORDER APPROVING COMPROMISE OF
13 |                                          CONTROVERSY WITH MARYAM
TAHERI; MEMORANDUM OF POINTS
14 |                                          AND AUTHORITIES; AND
DECLARATION OF THOMAS H. CASEY
15

16 |                                          [No Hearing Required Unless Requested
Pursuant to Local Bankruptcy Rule 9013-1(o)]

17 | **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES**

18 | **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO**

19 | **ALL INTERESTED PARTIES:**

20 |         Thomas H. Casey, Chapter 11 Trustee (the "Trustee") for the bankruptcy estate ("Estate")

21 | debtor Arian Mowlavi, M. D., ("Dr. Mowlavi" or "Debtor"), hereby moves the Court (the

22 | "Motion") for an Order approving the compromise of controversy with Maryam Taheri, together

23 | with her representatives, alter egos, related entities, heirs and assigns (the "Claimants") as

24 | embodied in the written settlement agreement attached hereto as Exhibit "1" (the "Agreement").

25 |         The Agreement will resolve the Claimants' medical malpractice, tort and related claims

26 | arising under state law against the Debtor as asserted in the action currently pending before the

27 | Orange County Superior Court (the "State Court"), Case, No. 30-2017-00926189 (the "Action"),

28 | and the related proof of claim filed by Ms. Taheri as Claim No. 3 (the "Claim").  By the

*Ringstad & Sanders* LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949-851-7450

Agreement, the Debtor's insurance company, The Doctor's Company (the "Insurance Company"), will pay the Claimants $29,999.99 (the "Settlement Consideration").  In exchange for the Settlement Consideration, the Claimants will release all claims against the Debtor, all of his representatives, agents, employees, alter egos, related entities, insurers, predecessors, principals, successors-in-interest, heirs and assigns, and the Trustee on behalf of the Estate. The Agreement will fully insulate the Estate from liability for the Action and the Claim, and will resolve the Claim without any payment from the Estate.

The Trustee seeks approval of the Agreement.  Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Court may approve reasonable settlements and compromises of claims.  Here, the Claimants have filed the Action in State Court asserting various medical malpractice, tort, and related claims against the Debtor.  The claims asserted in the Action and related Claim are subject to payment by the Debtor's Insurance Company.  The Trustee, the Debtor, the Insurance Company, and the Claimants wish to resolve the Claimants' claims against the Debtor and the Estate without the need for further litigation. The Agreement will resolve and limit the Estate's liability for the Claimants' claims to solely the amounts paid by the Insurance Company, without the need for further litigation.

This Motion is made pursuant to 11 U.S.C. §§ 105 and 323(a), Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules"), and Rule 9013-1(o) of the Local Bankruptcy Rules, and is made on the grounds that the proposed Agreement is in the best interest of the Estate and its creditors.

This Motion is based on the Memorandum of Points and Authorities and Declaration of Thomas H. Casey (the "Casey Declaration") set forth below, the exhibits attached thereto, the concurrently filed Notice of this Motion served on all creditors and interested parties entitled to notice, all pleadings, papers, and records on file with the Court in this proceeding, and on such other evidence, oral or documentary, as may be presented to and considered by the Court, in connection with this Motion and any hearing held hereon.

**WHEREFORE**, Trustee respectfully requests that the Court enter an Order:

1.     Granting the Motion;

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

1      2.      Approving the Agreement attached as Exhibit "1" to this Motion.

2      3.      Authorizing the Trustee to take such actions and execute such documents as are

3  necessary to consummate the Agreement, including but not limited to authorizing the Insurance

4  Company to pay the settlement consideration, without further order of the Court;

5      4.      Granting such other and further relief as the Court deems appropriate.

Dated: November 6, 2023               RINGSTAD & SANDERS LLP

By: */s/ Todd C. Ringstad*
    Todd C. Ringstad
    General Bankruptcy Counsel for
    Thomas H. Casey, Chapter 11 Trustee

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

Ringstad & Sanders
— LLP —
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

## TABLE OF CONTENTS

| | | |
|---|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | | 4 |
| I. | SUMMARY OF ARGUMENT | 4 |
| II. | STATEMENT OF FACTS | 4 |
| | A.    General Background | 4 |
| | B.    The Action and Ms. Taheri's Claim | 5 |
| | C.    The Terms of the Agreement | 5 |
| III. | ARGUMENT AND APPLICABLE LEGAL AUTHORITY | 7 |
| | A.    With Court Approval, a Trustee May Compromise Claims of the Estate | 7 |
| | B.    The Agreement Should be Approved | 7 |
| | 1.    The Probability of Success in the Litigation | 9 |
| | 2.    The Difficulties to be Encountered in the Matter of Collection | 9 |
| | 3.    The Complexity of the Litigation and Subsequent Expense, Inconvenience and Delay | 9 |
| | 4.    The Paramount Interest of Creditors, and Proper Deference to Their Reasonable Views | 10 |
| | C.    The Notice Given is Proper for the Relief Requested in this Motion | 10 |
| IV. | CONCLUSION | 11 |
| DECLARATION OF THOMAS H. CASEY | | 12 |

i

# TABLE OF AUTHORITIES

**Cases:**

*Burton v. Ulrich (In re Schmitt),*
    215 B.R. 417, 421 (9th Cir. BAP 1997)    8

*In re West Pointe Properties, LP,*
    249 B.R. 273, 281 (Bankr.E.D. Tenn 2000)    8

*Martin v. Kane (In re A&C Properties),*
    784 F.2d 1377, 1380-81 (9th Cir. 1986) *cert. denied sub nom*    7, 8, 10

*Martin v. Robinson,*
    479 U.S. 854 (1986)    7

*Protective Committee of Independent Stockholders of TMT
Trailer Ferry, Inc. v. Anderson,*
    390 U.S. 414, 424 (1968)    8

*U.S. v. Alaska Nat'l Bank (In re Walsh Constr., Inc.),*
    669 F.2d 1325, 1328 (9th Cir. 1982)    8

*Woodson v. Fireman's Fund Insurance Company (In re Woodson),*
    839 F.2d 610, 620 (9th Cir. 1988)    8

**Statutes:**

11 U.S.C. §105    2
11 U.S.C. §323(a)    2

Federal Rules of Bankruptcy Procedure, Rule 2002    2,7
Federal Rules of Bankruptcy Procedure, Rule 9019    2,4
Federal Rules of Bankruptcy Procedure, Rule 9019(a)    7, 10

Local Bankruptcy Rule 9013-1(o)    2,10

California Civil Code, Section 1542    6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF ARGUMENT

This is a motion to approve a settlement agreement between the Chapter 11 Trustee, Thomas H. Casey, the Debtor, and the Claimants, to resolve various medical malpractice and other tort claims asserted by the Claimants against the Debtor and the Estate.  Under the Agreement, the Debtor's insurance company will pay $29,999.99 to the Claimants.  The Estate will not contribute any portion of the settlement payment. Given the costs and risk of litigating the Claimants' claims, and the fact that the Settlement Amount will be paid entirely by the Debtor's insurance company, the Trustee has determined that the Agreement is in best interests of the Estate and its creditors and submits that the Agreement satisfies the requirements of Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Therefore, the Trustee respectfully requests that the Court enter an order granting the Motion and approving the Agreement.

## II.

## STATEMENT OF FACTS

**A.    General Background**

On February 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code [Doc. 1].  The Debtor is a licensed physician in the State of California, operating a medical practice known as A.M. Cosmetic Surgery Clinics, Inc.

On July 13, 2022, creditors describing themselves as the "State Court Tort and Medical Malpractice Claimants" filed a Motion for Order Re: Appointment of a Chapter 11 Trustee Pursuant to Section 1104(a) of the Bankruptcy Code (the "Trustee Motion") [Doc. 104], and related pleadings.  After several hearings, briefing by multiple parties, and the appointment of and report by an examiner, the Court found cause to order the appointment of a Chapter 11 trustee. *See* Doc. 193.  On December 27, 2022, the Court entered an order approving the appointment of Thomas H. Casey as Chapter 11 Trustee.  *See* Doc. 203.

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949-851-7450

1    **B.**    **The Action and Ms. Taheri's Claim**

2         On or about June 15, 2017, Ms. Taheri filed a Complaint for Damages for (1) Medical

3    Malpractice; and (2) Failure to Obtain Informed Consent, including a Demand for Jury Trial (the

4    "Complaint") in the Orange County Superior Court (the "State Court"), commencing Case No.

5    30-2017-00926189 (the "Action"). The defendants listed in the Complaint were Dr. Mowlavi,

6    Cosmetic Plastic Surgery Institute, LLC, and Does 1 through 100, inclusive. The Complaint seeks

7    "General and special damages according to proof at trial," based on, inter alia, physical and

8    emotional injuries, including pain and suffering, and loss of earnings and earning capacity, but

9    does not identify a specific amount of damages.

10         On April 28, 2022, Ms. Taheri filed a proof of claim as Claim No. 3 asserting an

11    unsecured, nonpriority claim of $150,000 for "Personal Injury, medical malpractice" (the

12    "Claim").

13         The Debtor disputes the Action and the Claim.

14         The Debtor is represented in the Action by attorney Terrence J. Schafer, who was engaged

15    by and paid by The Doctor's Insurance Company (the "Insurance Company"), which provided to

16    the Debtor the professional liability insurance policies for the years implicated by the Action and

17    the Claim.  Mr. Schafer has actively negotiated with the Claimants' counsel on behalf of the

18    Insurance Company, the Debtor, and the Estate, to reach a resolution of the Action and the Claim.

19         Rather than continue to engage in expensive and time-consuming litigation over the

20    Debtor and the Estate's liability for the Action and the Claim, and desiring to resolve the Action

21    and Claim without the delay, expense, and uncertainty of further litigation, the Parties have

22    successfully negotiated a resolution to the Action that will expeditiously liquidate and resolve the

23    disputed Action and Claim without the need for further litigation.  The Insurance Company has

24    agreed to fund the entirety of the Settlement Amount.

25    **C.**    **The Terms of the Agreement**

26         The Parties now desire to resolve the Action and Claim, including limiting the total

27    potential liability of the Debtor, his related entities, the Estate, and the Insurance Company,

28

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

without the delay, uncertainty, and expense of further legal proceedings.  Court approval and performance of the Agreement[1] attached as Exhibit "1" will achieve these ends.

Under the terms of the Agreement:

1) The Insurance Company has agreed to pay the Claimants $29,999.99 (the "Settlement Consideration") upon execution of the Agreement.

2) The Trustee has agreed, subject to the approval of this Court, to authorize the payment of the Settlement Consideration by the Insurance Company.

3) Within 3 business days after receipt of the Settlement Consideration, counsel for the Claimants shall deliver to Mr. Schafer a fully executed request for dismissal of the Action with prejudice ("Request for Dismissal").  Counsel for the Claimants authorizes Mr. Schafer to file the Request for Dismissal with the State Court at that time and enter it as a matter of record.

4) Within five days of receiving the Settlement Consideration, counsel for the Claimants will file a release and withdrawal of the Claim with the Bankruptcy Court.

5) In exchange for the Settlement Consideration, the Claimants will release all claims against the Debtor, all of his representatives, agents, employees, alter egos, related entities, insurers, predecessors, principals, successors-in-interest, heirs and assigns, and the Trustee on behalf of the Estate (the "Released Parties").  The Claimants waive Section 1542 of the California Civil Code and release any and all claims which they may have against the Released Parties, or which relate in any way or were caused by the incidents as described in the Action.

6) The Claimants agree that neither they nor their attorneys nor their representatives shall publish or cause to be published any disparaging comments about the Released Parties, and to otherwise refrain from posting any negative reviews or comments about the care rendered by the Released Parties in any public forum, social media or website, except as required by law.  The Claimants also agree they shall not publicly disclose

---

[1] The description of the proposed Agreement set forth here is intended to summarize the material terms of the Agreement for the convenience of the reader. In the event of any inconsistency between the summary and the actual terms of the Agreement, the terms of the Agreement shall control.

1   any of the terms of the Agreement, or the allegations giving rise to this litigation, other

2   than what has been disclosed prior to the signing of the Agreement.  Nothing about

3   this confidentiality clause is intended to prevent any party from communicating with

4   the California Medical Board or with their respective tax advisors or in the pending

5   bankruptcy proceeding.

6       7)  The Agreement is subject to Bankruptcy Court approval.

7       By the Motion, the Trustee seeks the Court's approval of the compromise that he reached

8   with the Claimants as memorialized and agreed to in the Agreement attached hereto as Exhibit

9   "1."

10                                          **III.**

11                    **ARGUMENT AND APPLICABLE LEGAL AUTHORITY**

12   **A.  With Court Approval, a Trustee May Compromise Claims of the Estate.**

13       Federal Rule of Bankruptcy Procedure 9019(a) provides:

14           On motion by the trustee and after notice and a hearing, the court may
15           approve a compromise or settlement.  Notice shall be given to
             creditors, the United States trustee, the debtor and indenture trustees
16           as provided in Rule 2002 and to any other entity as the court may
             direct.
17

18       Accordingly, upon appropriate notice, the Court may approve a compromise or settlement.

19   In the instant case, the entire Notice of Motion and Motion has been served on the Debtor,

20   Debtor's bankruptcy counsel, all parties requesting special notice, and the United States Trustee.

21   A separate Notice of the Motion, and opportunity to oppose the Motion and request a hearing

22   thereon, has been served on all creditors and other parties in interest entitled to notice.

23   **B.  The Agreement Should Be Approved.**

24       The Ninth Circuit has stated that, "The purpose of a compromise agreement is to allow the

25   trustee and the creditors to avoid the expenses and burdens associated with litigating sharply

26   contested and dubious claims."  *Martin v. Kane (In re A&C Properties)* 784 F.2d 1377, 1380-81

27   (9th Cir. 1986) *cert. denied sub nom, Martin v. Robinson* 479 U.S. 854 (1986) ("A&C

28   Properties"). The Bankruptcy Court has great latitude in approving a compromise so long as it

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

finds that the compromise is fair and equitable. *Id.* at 1382; *see also*, *Woodson v. Fireman's Fund Insurance Company (In re Woodson)* 839 F.2d 610, 620 (9th Cir. 1988) ("Woodson"); *Burton v. Ulrich (In re Schmitt)* 215 B.R. 417, 421 (9th Cir. BAP 1997) ("Burton v. Ulrich").

Moreover, in approving a settlement the Court is not required to conduct an exhaustive investigation into the validity of the merits of the claims sought to be compromised as a precondition to approving the Agreement. *U.S. v. Alaska Nat'l Bank (In re Walsh Constr., Inc.),* 669 F.2d 1325, 1328 (9th Cir. 1982). The Court need only find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *In re A&C Properties, supra,* 784 F.2d at 1381; *see also Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (establishing "fair and equitable" standard for approval of compromises in bankruptcy).

The Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel for the Ninth Circuit have consistently held that a Bankruptcy Court must consider four factors in determining whether to approve a compromise:

(a) The probability of success in the litigation;

(b) The difficulties, if any, to be encountered in the matter of collection;

(c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and

(d) The paramount interest of the creditors and a proper deference to their reasonable views.

*A&C Properties, supra* at 1381; *In re Woodson, supra* at 620; *Burton v. Ulrich, supra,* at 421.

When evaluating the four *A&C Properties* factors, "courts need not rule upon disputed facts and questions of law, but rather only canvass the issues…. A mini-trial on the merits is not required." *Burton v Ulrich, supra,* at 423. While the court must make an independent determination, the judgment of the trustee deserves some deference. *In re West Pointe Properties, LP* 249 B.R. 273, 281 (Bankr. E.D. Tenn. 2000).

In this case, an analysis of the four A&C Properties factors with respect to the Agreement reveals the following:

1

### 1. The Probability of Success in the Litigation

2          The probability of the Trustee and Debtor succeeding in litigation against the Claimants is

3   uncertain, and would depend both on the factual evidence that can be developed with respect to

4   the claims, as well as upon application of the law to such facts.  Accordingly, there is significant

5   uncertainty regarding whether the Trustee and Debtor would be able to defeat the Claimants

6   claims asserted in the Action. In the event that a jury found that the Debtor is liable and the Court

7   entered judgment(s) against the Debtor, the Debtor's insurance likely would cover such

8   judgments; to the extent that judgments are entered in excess of the Debtor's insurance limits, the

9   Estate would be liable for those amounts.

10          Thus, the Trustee believes that there are substantial risks and significant costs required to

11   be incurred by each side if the parties were to litigate their disputes to a conclusion. In light of

12   such risks and costs, the Trustee believes that the Agreement constitutes a reasonable compromise

13   of the disputed matters. Accordingly, this factor weighs in favor of approving the Agreement.

14

### 2. The Difficulties to be Encountered in the Matter of Collection

15          The Trustee believes that this factor does not apply here.  If the Parties were to litigate

16   their disputes to an ultimate conclusion, and the Court found in favor of the Debtor, the Debtor

17   likely would not be entitled to any recovery from the Claimants.  With no award to recover,

18   collectability of a judgment from the Claimants is irrelevant to this analysis.

19

### 3. The Complexity of the Litigation and Subsequent Expense, Inconvenience,

20          **and Delay**

21          Resolving the disputes between the Debtor and Trustee, on the one hand, and the

22   Claimants, on the other hand, through litigation would require a jury trial to determine significant

23   and difficult issues of fact, and complex issues of liability and calculation of damages under state

24   tort law, including determination of liability, determination of comparative fault, determination of

25   the appropriate amount of damages if any fault of the Debtor is found, determination of factual

26   and legal issues concerning the tort and medical malpractice claims asserted in the Action, and if

27   liability is found, determination of damages to be awarded to the Claimants.  In addition, if a jury

28   were to find the Debtor liable, additional evidence including expert testimony would be required

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949-851-7450

1  to conduct complex damages calculations. The Parties would incur substantial expense in

2  conducting discovery, performing legal research, obtaining expert testimony, and otherwise

3  preparing for and conducting multiple jury trials.

4       Moreover, litigation in the State Court to the conclusion of the Action would cause

5  significant delay to the administration of this case; since the Trustee anticipates proposing a plan

6  that will pay all allowed claims in full, would be difficult for the Trustee to successfully propose,

7  confirm, and complete a chapter 11 plan of reorganization without first liquidating the Claim.

8       For the foregoing reasons, this factor weighs heavily in favor of approving the Agreement.

9       **4.   The Paramount Interest of Creditors, and Proper Deference to their**

10           **Reasonable Views**

11      As set forth above and in the attached Casey Declaration, the Trustee believes that the

12  Agreement is in the best interest of creditors because it will resolve the Action and Claim, without

13  any payment from the Estate, and while minimizing further costs, risks and delays associated with

14  litigating the Action or the Claim.  The Trustee does not believe that the Estate and its creditors

15  are likely to obtain a more favorable net result through litigation with the Claimants than will be

16  achieved through Court approval and performance of the Agreement.  Moreover, the resolution of

17  the Claim and liquidation of the Action provided for in the Agreement will facilitate a speedy

18  conclusion to this bankruptcy case.  Consequently, the Trustee believes that the paramount

19  interest of creditors weighs in favor of the Agreement and Court approval thereof.

20      On balance, the four A&C Properties factors weigh strongly in favor of approving the

21  Agreement.

22

23  **C.  The Notice Given is Proper for the Relief Requested in this Motion.**

24      Rule 9019(a) of the Federal Rule of Bankruptcy Procedure requires that, "Notice shall be

25  given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule

26  2002 and to any other entity as the court may direct." Local Bankruptcy Rule 9013-1(o) permits

27  the relief requested in this Motion to be sought upon notice and an opportunity for a hearing.

28      Here, the notice has been served on the Debtor, Debtor's counsel, all parties requesting

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

special notice, the Office of the United States Trustee, and all creditors.  The Trustee submits that

the notice given is proper, and thus, if there is no timely opposition, the Motion should be granted.

### IV.

### CONCLUSION

Based on all of the foregoing, the Trustee submits that the Agreement is a fair and

reasonable compromise of disputed matters by creating a procedure to liquidate the Action and

Claim without requiring any contribution of Estate resources, and thus is in the best interests of

the Estate and its creditors, and should be approved by the Court.  Therefore, the Trustee

respectfully requests that the Court enter an order granting the Motion and approving the

Agreement.

Date:  November 6, 2023                    Respectfully submitted,

                                           RINGSTAD & SANDERS LLP


                                           By: */s/ Todd C. Ringstad*
                                               Todd C. Ringstad
                                           General Bankruptcy Counsel for Thomas H. Casey,
                                           Chapter 7 Trustee

1
## DECLARATION OF THOMAS H. CASEY

2
I, Thomas H. Casey, declare as follows:

3
1.      I am the duly appointed and acting Chapter 11 trustee for the bankruptcy estate

4
(the "Estate") of Arian Mowlavi, M. D., Debtor ("Dr. Mowlavi" or "Debtor").  The matters set

5
forth herein are of my own personal knowledge, upon my review of the Court file, my review of

6
documents provided by the Debtor, or upon information and belief where noted, and, if called

7
upon to do so, I could and would competently testify hereto.  I make this declaration in support of

8
my Motion for an Order Approving Compromise of Controversy with Maryam Taheri (the

9
"Motion"), seeking approval of the agreement attached hereto as Exhibit "1" (the "Agreement").

10
2.      The Debtor filed a voluntary petition ("Petition") under Chapter 11 of the

11
Bankruptcy Code on February 21, 2022 (the "Petition Date"), with the United States Bankruptcy

12
Court for the Central District of California, Santa Ana Division.

13
3.      I am informed and believe that the Debtor is a licensed physician in the State of

14
California, operating a medical practice known as A.M. Cosmetic Surgery Clinics, Inc.

15
4.      On July 13, 2022, creditors describing themselves as the "State Court Tort and

16
Medical Malpractice Claimants" (referred to herein as "Claimants") filed a Motion for Order Re:

17
Appointment of a Chapter 11 Trustee Pursuant to Section 1104(a) of the Bankruptcy Code (the

18
"Trustee Motion") [Doc. 104], and related pleadings.  After several hearings, briefing by multiple

19
parties, and the appointment of and report by an examiner, the Court found cause to order the

20
appointment of a Chapter 11 trustee.  *See* Doc. 193.  On December 27, 2022, the Court entered an

21
order approving my appointment as Chapter 11 Trustee.  *See* Doc. 203.

22
5.      I am informed and advised that on or about June 15, 2017, Ms. Taheri filed a

23
Complaint for Damages for (1) Medical Malpractice; and (2) Failure to Obtain Informed Consent,

24
including a Demand for Jury Trial (the "Complaint") in the Orange County Superior Court (the

25
"State Court"), commencing Case No. 30-2017-00926189 (the "Action"). I have reviewed a copy

26
of the Complaint. The defendants listed in the Complaint were Dr. Mowlavi, Cosmetic Plastic

27
Surgery Institute, LLC, and Does 1 through 100, inclusive. The Complaint seeks "General and

28
special damages according to proof at trial," based on, inter alia, physical and emotional injuries,

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

including pain and suffering, and loss of earnings and earning capacity, but does not identify a specific amount of damages.

6.      On April 28, 2022, Ms. Taheri filed a proof of claim as Claim No. 3 asserting an unsecured, nonpriority claim of $150,000 for "Personal Injury, medical malpractice" (the "Claim").

7.      The Debtor disputes the Action and the Claim.

8.      The Debtor maintained professional liability insurance provided by The Doctor's Insurance Company (the "Insurance Company") for the years implicated by the claims of the Claimants.  The Insurance Company has provided attorney Terrance J. Schafer as defense counsel to the Debtor.  Mr. Schafer has actively negotiated with the Claimants' counsel on behalf of the Debtor, the Insurance Company, and the Estate in an effort to expeditiously liquidate and resolve the Action and the Claim.

9.      Rather than continue to engage in expensive and time-consuming litigation over the Debtor and the Estate's liability for the Action and the Claim, and desiring to resolve the Action and Claim without the delay, expense, and uncertainty of further litigation, the Parties have successfully reached an agreement that will expeditiously liquidate the disputed Action and Claim without the need for further litigation.  Furthermore, the Insurance Company has agreed to fund the entirety of the $29,999.99 settlement consideration.  A true and correct copy of the Release and Settlement Agreement (the "Agreement") agreed to between the Claimants, the Debtor, and me is attached hereto as Exhibit "1."

10.      Having reviewed and evaluated the Claimants' causes of action asserted against the Debtor, the Estate, and certain related third parties, I believe that the Agreement is in the best interest of creditors.  The Agreement will resolve the Action and the Claim without requiring any payment from the Estate.  It is likely that litigation of the Action and Claim would have been very expensive, requiring a jury trial, and caused significant delay in the bankruptcy case, and the likely result of such litigation is highly speculative.

11.      For the foregoing reasons, I believe the Agreement is in the best interests of the Estate and its creditors.  The settlement set forth in the Agreement will resolve the Action and the

1  Claim without any payment from the Estate, while eliminating any further costs, risks and delays

2  associated with litigating the Action or the Claim.  I do not believe that the Estate and its creditors

3  are likely to obtain a more favorable net result through litigation with the Claimants than will be

4  achieved through Court approval and performance of the Agreement. Consequently, I believe that

5  the paramount interest of creditors weighs in favor of the Agreement and Court approval thereof.

6      I declare under penalty of perjury under the laws of the United States that the foregoing is

7  true and correct to the best of my knowledge. Executed this 6th day of November, 2023, at

8  Mission Viejo, California.

9

10                    Thomas H. Casey, Chapter 7 Trustee

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

## RELEASE & SETTLEMENT AGREEMENT

This Release & Settlement Agreement is made and entered into by and between defendants, ARIAN MOWLAVI, M.D. and COSMETIC PLASTIC SURGERY INSTITUTE, LLC, and all of their representatives, agents, employees, alter egos, related entities, insurors, predecessors, principals, successors-in-interest, heirs and assigns, and Thomas H. Casey, Chapter 11 Trustee ("Trustee") of the bankruptcy estate of ARIAN S. MOWLAVI, M.D. ("The Estate"), **hereinafter "Released Parties"**, and plaintiff, MARYAM TAHERI, as well as her representatives, agents, alter egos, related entities, heirs and assigns, **hereinafter "Releasing Parties"**.

1.     This Release & Settlement Agreement is entered into with reference to the following facts:

2.     Releasing Parties, as plaintiff, or potential plaintiffs, and Released Parties, as defendants or potential defendants, are parties to an action in tort for damages venued in Orange County Superior Court, Case No. 30-2017-00926189 (hereinafter "The Action");

3.     ARIAN MOWLAVI, M.D. is presently a debtor in a bankruptcy case pending in the United States Bankruptcy Court, Central District of California as Case No. 8:22-bk-10296-SC ("The Bankruptcy Case").

4.     The Releasing Parties have filed claims in The Bankruptcy Case ("The Bankruptcy Claims").

5.     The parties to this litigation desire to fully and completely settle and resolve all claims and potential claims by the Releasing Parties arising out of any prior medical services, including each and every individual and derivative claim against the Released Parties, as well as any potential future claims for wrongful death.

6.     The Doctor's Company, on behalf of the Released Parties, agrees to pay the Releasing Parties and their attorneys of record the total sum of $29,999.99 in full and complete settlement of The Action ("The Settlement Consideration"), and all claims therein, upon execution of this Release & Settlement

1

M.M  MARYAM TAHERI

Agreement by Releasing Parties, as well as delivery to counsel for Released Parties of the fully executed Request for Dismissal with prejudice of The Action as to all defendants.

7.   Subject to the approval of the Bankruptcy Court, the Trustee has agreed to authorize the payment of The Settlement Consideration.  The Trustee shall promptly seek to obtain the approval of the Bankruptcy Court to this Agreement and to the payment of The Settlement Consideration.  Within five business days of full execution of this Agreement, the Trustee shall file a Motion under Bankruptcy Rule 9019 for Court approval of this Agreement in The Bankruptcy Case.

8.   All sums set forth herein, and all settlement proceeds, either by lump sum or by periodic payments, constitute damages on account of personal physical injuries or physical sickness, within the meaning of 26 U.S.C. Section 104(a)(2) and California Revenue & Taxation Code, Section 17131.  The Released Parties reserved the right to introduce, pursuant to California Civil Code, Section 3333.1(a), evidence of payments and benefits made by collateral sources and intended to do so at the time of any trial.

9.   In consideration of the provisions provided for in each of the paragraphs herein, Releasing Parties and their representatives, agents, alter egos, related entities, heirs and assigns hereby release and forever discharge the Released Parties, their representatives, agents, employees, alter egos, related entities, insurors, predecessors, principals, successors-in-interest, heirs and assigns from any and all past, present or future claims, demands, liens of any kind, including but not limited to, legal liens and medical liens, obligations, actions, causes of action, claimed rights and damages, costs, expenses, compensation of any nature, whether for compensatory or other damages, with which the Releasing Parties, their heirs, successors or assigns now have or which may hereinafter accrue or otherwise be acquired on account of, or in any way arising out of, or which are the subject of, The Action.

10.  The Releasing Parties hereby absolutely and forever release and discharge the Released Parties from any and all matters which are the subject of the Complaint in The Action, including, but without limitation, any and all known or unknown claims for wrongful death, personal injuries and/or property

2

MARYAM TAHERI

damage, and/or other damages, and the consequences thereof, which may have resulted or result from the alleged acts or omissions of the Released Parties, as included in any and all alleged causes of action by said Releasing Parties against the Released Parties in The Action and which are the subject matter of The Action.

11.   This Release & Settlement Agreement shall be fully binding and operate as a complete release of all claims being asserted by the Releasing Parties, and all parties represented by or asserting any claims through the Releasing Parties, against the Released Parties.

12.   Within five business days of receipt of The Settlement Consideration, counsel for the Releasing Parties shall file in The Bankruptcy Case a release and withdrawal of each claim filed in The Bankruptcy Case by the Releasing Parties.

13.   Each party to this Release & Settlement Agreement shall bear all attorneys' fees and costs arising from the actions of its own counsel in connection with The Action and this Release & Settlement Agreement.

14.   Within three (3) business days after receipt of the settlement check of $29,999.99 by counsel for the Releasing Parties, counsel for the Releasing Parties shall submit to counsel for the Released Parties an executed Request for Dismissal with prejudice of The Action with regard to all defendants.  Counsel for the Releasing Parties hereby authorizes counsel for the Released Parties to file the Request for Dismissal with prejudice with the court at that time and enter it as a matter of record.

15.   The Releasing Parties hereby represent that there are no known liens or claims for reimbursement or subrogation for medical expenses, wages loss and/or disability benefits received by Releasing Parties that may be asserted as against the Released Parties in The Action, or if any such liens or claims for reimbursement or subrogation do exist, the Releasing Parties agree that those liens are their exclusive responsibility.

16.   The Releasing Parties further represent and agree that, to the extent they have or will receive reimbursement or compensation for injuries and damages prayed for as special

3

M. M  MARYAM TAHERI

damages in the Complaint for damages in The Action by private or public insurers, local, state or federal governments, private or public medical plans, or other third Parties providers (hereinafter referred to as "providers"), or subrogation for benefits received by the Releasing Parties, they will assume the exclusive responsibility to reimburse all such monies claimed or which could be claimed by said providers.

17.   The Releasing Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Release & Settlement Agreement, except as otherwise set forth herein; that Releasing Parties have the sole right and exclusive authority to execute this Release & Settlement Agreement and receive the sums specified in it; and that Releasing Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Release & Settlement Agreement.

18.   The Releasing Parties agree that neither they nor their attorneys nor their representatives shall publish or cause to be published any disparaging comments about the Released Parties, and to otherwise refrain from posting any negative reviews or comments about the care rendered by the Released Parties in any public forum, social media or website, except as required by law.  The Releasing Parties also agree they shall not publicly disclose any of the terms of this Release & Settlement Agreement, or the allegations giving rise to this litigation, other than what has been disclosed prior to the signing of this Release & Settlement Agreement.  Nothing about this confidentiality clause is intended to prevent any party from communicating with the California Medical Board or with their respective tax advisors or in the pending bankruptcy proceedings.

19.   In consideration of the provisions in each paragraph herein, Releasing Parties release the Released Parties by this instrument and agree that it shall be effective as a full and final accord and satisfaction and release of each and every claim or matter which is the subject of The Action against the Released Parties, their representatives, agents, employees, alter egos, related entities, insurors, predecessors, principals, successors-in-interest, heirs and assigns. In

4

M.M MARYAM TAHERI

furtherance of this intention, Releasing Parties expressly waive Section 1542 of the <u>Civil Code</u> of the State of California, which provides as follows:

> "Section 1542: [Certain claims not affected by General Release.] A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

20.   Releasing Parties hereby waive and relinquish every right or benefit which they have or may have under Section 1542 of the <u>Civil Code</u> of the State of California to the full extent that they may fully waive such right or benefit with regard to the subject matter of this Release & Settlement Agreement.   In accordance with such waiver and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to or different from those which they now know, or believe to be true with respect to the subject matter of this Agreement, but it is their intention fully, finally and forever to settle and release all claims, known and unknown, suspected or unsuspected, which now exist, may exist, or previously existed for the Releasing Parties against the Released Parties.   In furtherance of such intention, the releases given herein shall be in and shall remain in effect as full and complete releases notwithstanding discovery or the existence of any such additional or different facts.

21.   All parties to this agreement acknowledge and warrant that they have been represented by independent counsel of their own choosing throughout any negotiations which preceded the execution of this Release & Settlement Agreement.   All parties have read all of the terms of this agreement and have had the opportunity to have it explained to them by their respective attorneys and all parties, fully understand all of the terms and their significance.

22.   This Release & Settlement Agreement contains the entire agreement and understanding between the parties concerning the subject matter of this agreement and supersedes and replaces all prior negotiations, proposed agreements and any other agreements, written or oral.   All parties acknowledge that

5

M.M MARYAM TAHERI

no other party nor any agent or attorney of such parties has made any promise, representation, or warranty, express or implied, which is not contained in this agreement to induce the execution of this Release & Settlement Agreement.  All parties to this agreement further acknowledge that they are not executing this agreement in reliance on any promise, representation or warranty not contained in this Release & Settlement Agreement.

   23.   This Release & Settlement Agreement shall in all respects be interpreted, enforced and governed by the laws of the State of California.

   24.   Releasing Parties agree that by the terms of this Release & Settlement Agreement, their attorneys shall dismiss The Action with prejudice as to all defendants, while bearing their own costs and attorneys' fees, and understand that the effect of that dismissal will be to terminate their right to pursue The Action against the Released Parties and any other defendants, including any known or unknown claims against the Released Parties.

   25.   It is expressly understood and agreed that this Release & Settlement Agreement is being made solely for the purpose of avoiding the expense and inconvenience of further litigation and it is not to be construed as an admission on the part of any parties of any unlawful or wrongful conduct, or of any liability to any other parties as alleged in The Action or otherwise, all of which is expressly denied.

   26.   The Releasing Parties further declare and represent that no promise, inducement or agreement not herein expressed has been made to the Releasing Parties and that this Release & Settlement Agreement contains the entire agreement between the Releasing Parties and the Released Parties and that the terms of the Release & Settlement Agreement are contractual and not a mere recital.

**FOR YOUR PROTECTION, CALIFORNIA LAW REQUIRES THE FOLLOWING TO APPEAR ON THIS FORM:**

ℳ.ℳ MARYAM TAHERI

"IT IS UNLAWFUL TO: (A) Present or cause to be presented any false or fraudulent claim for the payment of a loss under a contract of insurance. (B) Prepare, make or subscribe any writing with intent to present or use the same or to allow it to be presented or used in support of any such claim.  Every person who violates any provision of this section is punishable by imprisonment in the State prison, not exceeding three years or by fine not exceeding $1,000.00 or both."

27.   The Releasing Parties agree and warrant that they have carefully read and understand the terms of this Release & Settlement Agreement and that they have not relied upon the representations or advice of any other parties or attorneys not their own.   This Release & Settlement Agreement, and the terms and conditions expressed herein, were determined in negotiations between the Releasing Parties and Released Parties and their respective counsel and representatives.

BY THEIR SIGNATURE BELOW, THE RELEASING PARTIES ACKNOWLEDGE THAT THEY HAVE READ THIS RELEASE & SETTLEMENT AGREEMENT AND FULLY UNDERSTAND IT AND AGREE AND RELEASE ANY AND ALL CLAIMS WHICH THEY MAY HAVE AGAINST THE RELEASED PARTIES OR WHICH RELATE IN ANY WAY OR WERE CAUSED BY THE INCIDENTS AS DESCRIBED IN THE ACTION (ORANGE COUNTY SUPERIOR COURT CASE NO. 30-2017-00926189).


DATED: OCT. 19, 2023   BY: _____
                              MARYAM TAHERI


AGREED AND ACCEPTED SUBJECT TO BANKRUPTCY COURT APPROVAL:


DATED: Nov. 6, 2023   BY: _____
                              Thomas H. Casey, Chapter 11
                              Trustee of the Estate of ARIAN S.
                              MOWLAVI, M.D.


7


M. M MARYAM TAHERI

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4910 Birch Street, Suite 120, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE'S MOTION FOR
ORDER APPROVING COMPROMISE OF CONTROVERSY WITH MARYAM TAHERI;
MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF THOMAS H.
CASEY**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-
2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
<u>November 6, 2023</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Karen S. Naylor**    Becky@ringstadlaw.com,
  Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com,
  ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-
  law.com;r59042@notify.bestcase.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Ashley M Teesdale**    ashley@ringstadlaw.com,
  becky@ringstadlaw.com;arlene@ringstadlaw.com
- **Tamar Terzian**    tterzian@hansonbridgett.com, ssingh@hansonbridgett.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **J Scott Williams**    jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On November 6, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
<u>will be completed</u> no later than 24 hours after the document is filed.

Maryam Taheri
c/o Majid Safaie
3187 Red Hill Ave., Ste. 115
Costa Mesa, Ca 92626-3480

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**

such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Except for documents over 25 pages, including exhibits, the requirement to deliver judges' copies of documents to chambers (LBR 5005-2(d)) continues to be temporarily suspended.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 6, 2023 | Becky Metzner | */s/ Becky Metzner* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**