1  Todd C. Ringstad (State Bar No. 97345)
   todd@ringstadlaw.com
2  Ashley M. Teesdale (State Bar No. 289919)
   ashley@ringstadlaw.com
3  RINGSTAD & SANDERS, LLP
   4910 Birch Street, Suite 120
4  Newport Beach, CA 92660
   Telephone: (949) 851-7450
5  Facsimile: (949) 851-6926

6  General Bankruptcy Counsel for
   Thomas H. Casey, Chapter 11 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10 | In re | Case No. 8:22-bk-10296-SC |

11 | ARIAN MOWLAVI, | Chapter 11 Proceeding |

12 |         Debtor. | **CHAPTER 11 TRUSTEE'S AMENDED MOTION FOR ORDER APPROVING**

13 | | **COMPROMISE OF CONTROVERSY WITH STATE COURT TORT**

14 | | **CLAIMANTS; MEMORANDUM OF POINTS AND AUTHORITIES; AND**

15 | | **DECLARATION OF THOMAS H. CASEY**

16 | | Hearing:
17 | | Date:    December 13, 2023
   | | Time:    1:30 p.m.
18 | | Place:   Courtroom 5C [via ZoomGov]
   | |          411 West Fourth Street
19 | |          Santa Ana, CA 92701

20      **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES**

21 **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO**

22 **ALL INTERESTED PARTIES:**

23      Thomas H. Casey, Chapter 11 Trustee (the "Trustee") for the bankruptcy estate ("Estate")

24 debtor Arian Mowlavi, M. D., ("Dr. Mowlavi" or "Debtor"), files this amended[1] motion (the

25 "Motion") seeking an Order approving the compromise of controversy with certain holders of

26 state court tort and medical malpractice claims (the "Claimants") as embodied in the written

27 _____
   [1] The motion as originally filed [Doc. 500] ("Original Motion") inadvertently attached a version
   of the Agreement that listed the full names of each of the Claimants. The only difference
28 between this Motion and the Original Motion is that the Agreement attached is appropriately
   redacted.

*(left margin, vertical text)* Ringstad & Sanders LLP  4910 Birch Street, Suite 120  Newport Beach, CA 92660  949.851.7450

settlement agreement attached hereto as Exhibit "1" (the "Agreement").

The following are the initials of the Claimants that are parties to the Agreement and the Stretto number of their claims::  AMG, Claim No. 37; GG, Claim No. 18; BC, Claim No. 22; BH, Claim No. 19; CC, Claim No. 23, CJ, Claim No. 24,  CL, Claim No. 25; CSJ, Claim No. 26; DP, Claim No. 6; GC, Claim No. 27; JH, Claim No. 28; KA, Claim No. 29; KM , Claim No. 30; MM, Claim No. 8; LG, Claim No. 9; LS, Claim No. 10; MP, Claim No. 31; NB, Claim No. 11; SL, Claim No. 32; TA, Claim No. 12; JA, Claim No. 13; VS, Claim No. 33; JLA, Claim No. 38; XA, Claim No. 20; BB, Claim No. 14; ME, Claim No. 39; NF, Claim No. 34; AG, Claim No. 40; LLG, Claim No. 41; EL, Claim No. 35; BP, Claim No. 15;  MS, Claim No. 36; SS, Claim No. 21; DV, Claim No. 16; RV, Claim No. 17; KD, Claim No. 43. A chart listing the claims and amounts submitted to Stretto by each of the Claimants is attached as Exhibit "2" to the Casey Declaration.

The Agreement will resolve the Claimants' medical malpractice, tort and related claims arising under state law against the Debtor as asserted in the action currently pending before the Orange County Superior Court (the "State Court"), Case, No. 30-2021-01238424 (the "Action"). By the Agreement, the Debtor's insurance company, The Doctor's Company (the "Insurance Company"), will pay the Claimants $6,000,000 (the "Settlement Consideration"), to be allocated among the Claimants as determined by the Honorable Linda S. Marks, Retired Judge, of Judicate West.  In exchange for the Settlement Consideration, the Claimants will release all claims against the Debtor, all of his representatives, agents, employees, alter egos, related entities, insurers, predecessors, principals, successors-in-interest, heirs and assigns, and the Trustee on behalf of the Estate. The Agreement will fully insulate the Estate from liability for the Action and the Claims, and will resolve the Claims, which represent a significant proportion of the claims asserted in this bankruptcy case.

The Trustee seeks approval of the Agreement.  Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Court may approve reasonable settlements and compromises of claims.  Here, the Claimants have filed the Action in State Court asserting various medical malpractice, tort, and related claims against the Debtor.  These claims together represent the largest and most uncertain liability against the Estate; however, they are subject to payment by

the Debtor's Insurance Company.  The Trustee, the Debtor, the Insurance Company, and the

Claimants wish to resolve the Claimant's claims against the Debtor and the Estate without the

need for further litigation. The Agreement will resolve and limit the Estate's liability for the

Claimants' claims to solely the amounts paid by the Insurance Company, without the need for

further litigation or disputing the claims individually.

This Motion is made pursuant to 11 U.S.C. §§ 105 and 323(a), Rules 2002 and 9019 of

the Federal Rules of Bankruptcy Procedure (the "Rules"), and Rule 9013-1(o) of the Local

Bankruptcy Rules, and is made on the grounds that the proposed Agreement is in the best interest

of the Estate and its creditors.

This Motion is based on the Memorandum of Points and Authorities and Declaration of

Thomas H. Casey (the "Casey Declaration") set forth below, the exhibits attached thereto, the

concurrently filed Notice of this Motion served on all creditors and interested parties entitled to

notice, all pleadings, papers, and records on file with the Court in this proceeding, and on such

other evidence, oral or documentary, as may be presented to and considered by the Court, in

connection with this Motion and any hearing held hereon.

**WHEREFORE**, Trustee respectfully requests that the Court enter an Order:

1.      Granting the Motion;

2.      Approving the Agreement attached as Exhibit "1" to this Motion.

3.      Authorizing the Trustee to take such actions and execute such documents as are

necessary to consummate the Agreement, including but not limited to authorizing the Insurance

Company to pay the settlement consideration, without further order of the Court;

4.      Granting such other and further relief as the Court deems appropriate.

Dated: November 21, 2023                  RINGSTAD & SANDERS LLP


                                          By: /s/ Todd C. Ringstad
                                              Todd C. Ringstad
                                              General Bankruptcy Counsel for
                                              Thomas H. Casey, Chapter 11 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF ARGUMENT

This is a motion to approve a settlement agreement between the Chapter 11 Trustee, Thomas H. Casey, the Debtor, and the Claimants, to resolve various medical malpractice and other tort claims asserted by the Claimants against the Debtor and the Estate.  Under the Agreement, the Debtor's insurance company will pay $6,000,000 to the Claimants, to be allocated among the Claimants as determined by the Honorable Linda S. Marks, Retired Judge, of Judicate West.  Given the costs and risk of litigating each Claimant's claim individually, and the fact that the Settlement Amount will be paid entirely by the Debtor's insurance company, the Trustee has determined that the Agreement is in best interests of the Estate and its creditors and submits that the Agreement satisfies the requirements of Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Therefore, the Trustee respectfully requests that the Court enter an order granting the Motion and approving the Agreement.

## II.

## STATEMENT OF FACTS

### A.    General Background

On February 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code [Doc. 1].  The Debtor is a licensed physician in the State of California, operating a medical practice known as A.M. Cosmetic Surgery Clinics, Inc.

On July 13, 2022, creditors describing themselves as the "State Court Tort and Medical Malpractice Claimants" filed a Motion for Order Re: Appointment of a Chapter 11 Trustee Pursuant to Section 1104(a) of the Bankruptcy Code (the "Trustee Motion") [Doc. 104], and related pleadings.  After several hearings, briefing by multiple parties, and the appointment of and report by an examiner, the Court found cause to order the appointment of a Chapter 11 trustee. *See* Doc. 193.  On December 27, 2022, the Court entered an order approving the appointment of Thomas H. Casey as Chapter 11 Trustee. *See* Doc. 203.

**B.** <u>**State Tort Claimants**</u>

On March 14, 2022, the Claimants filed a First Amended Complaint for Damages: (1) Battery; (2) Negligent Hiring, Training, Supervision and Retention; (3) Medical Battery; (4) Intentional Misrepresentation; (5) Negligent Misrepresentation; (6) Fraudulent Concealment; (7) Medical Malpractice; (8) Lack of Informed Consent; (9) Negligence Per Se; (10) Violations of Business Code Section 17200; (11) Intentional Infliction of Emotional Distress; (12) Constructive Fraud (Civ. Code §1573); (13) Negligent Failure to Warn; (14) Loss of Consortium; (15) Invasion of Privacy – Public Disclosure of Private Facts; (16) Invasion of Privacy – Appropriation of Name or Likeness; (17) Invasion of Privacy – Use of Name or Likeness; (18) Breach of Fiduciary Duty – Duty of Confidentiality; (19) Breach of Fiduciary Duty – Duty of Undivided Loyalty; (20) Breach of Fiduciary Duty – Failure to Use Reasonable Care; (21) Violation of Civil Code Section 3344 – Statutory Misappropriation of Likeness (the "Complaint"), continuing the action currently pending before the Orange County Superior Court (the "State Court"), Case, No. 30-2021-01238424 (the "Action").

After the Petition Date, Stretto, Inc. was appointed claims agent in this case.  Polis & Associates and/or Ikuta Hemesath LLP filed 36 claims, Stretto Claim Nos. 6, 8-41 and 43 (collectively, the "Claims") on behalf of the State Court Claimants.  A chart listing the initials, Stretto Claim No., and amount asserted by each Claimant is attached as Exhibit "2" to the Casey Declaration. A copy of the Complaint was attached to each of the Claims. The Claims total more than $16,000,000, and represent the vast majority of the total claims asserted against the Estate.

The Debtor disputes the Action and the Claims.

The Debtor is represented in the Action by attorney Terrence J. Schafer, who was engaged by and paid by The Doctor's Insurance Company (the "Insurance Company"), which provided to the Debtor the professional liability insurance policies for the years implicated by the Claims. Mr. Schafer has actively negotiated with the Claimants' counsel on behalf of the Insurance Company, the Debtor, and the Estate, to reach a resolution of the Action and the Claims and negotiate a streamlined process by which the amount to be paid to each Claimant, if any, shall be determined.

1    Rather than continue to engage in expensive and time-consuming litigation over the

2    Debtor and the Estate's liability for the Action and the Claims, and desiring to resolve the Action

3    and Claims without the delay, expense, and uncertainty of further litigation, the Parties have

4    successfully negotiated a resolution to the Action that will expeditiously liquidate and resolve the

5    disputed Action and Claims without the need for further litigation.  The Insurance Company has

6    agreed to fund the entirety of the Settlement Amount.

7         **C.**     **The Terms of the Agreement**

8    The Parties now desire to resolve the Action and Claims, including limiting the total

9    potential liability of the Debtor, his related entities, the Estate, and the Insurance Company, and

10   establishing a streamlined process for determining the amount payable to each Claimant, without

11   the delay, uncertainty, and expense of further legal proceedings.  Court approval and performance

12   of the Agreement[2] attached as Exhibit "1" will achieve these ends.

13   Under the terms of the Agreement:

14   1)   The Insurance Company has agreed to pay the Claimants $6,000,000 (the "Settlement

15        Consideration"), payable to the Ikuta Hemesath Client Trust Account within 50 days

16        of the full execution of the Agreement.

17   2)   The Trustee has agreed, subject to the approval of this Court, to authorize the payment

18        of the Settlement Consideration by the Insurance Company.

19   3)   Concurrently with execution of the Agreement, counsel for the Claimants shall deliver

20        to Mr. Schafer a fully executed request for dismissal of the Action with prejudice

21        ("Request for Dismissal").  Counsel for the Claimants authorizes Mr. Schafer to file

22        the Request for Dismissal with the State Court after counsel for the Claimants

23        confirms receipt of the Settlement Consideration.

24   / / /

25   / / /

26

27   [2]   The description of the proposed Agreement set forth here is intended to summarize the material
     terms of the Agreement for the convenience of the reader. In the event of any inconsistency
28   between the summary and the actual terms of the Agreement, the terms of the Agreement shall
     control.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

4) Within five days of receiving the Settlement Consideration, counsel for the Claimants will file a release and withdrawal of the Claims with the Bankruptcy Court.

5) The Settlement Consideration will be allocated among the Claimants as determined by the Honorable Linda S. Marks, Retired Judge, of Judicate West.  Judge Marks will be provided all pictures, medical records, bills, and other pertinent documents as part of her decision process.  Each Claimant will also have the right to submit a two-page summary and/or a video not to exceed 5 minutes for submission to Judge Marks for her consideration.

6) Judge Marks's decisions regarding allocation and distribution will be binding.  Once Judge Marks makes her decision as to allocation of the funds, there will be no rights of any Claimant to seek reconsideration, appeal, or opt out of Judge Marks' decision.  The costs of utilizing Judge Marks as an allocation officer shall be borne entirely by the Claimants.  The overall costs of this matter incurred by the attorneys for the Claimants shall be apportioned in proportion to Judge Marks' allocation.

7) In exchange for the Settlement Consideration, the Claimants will release all claims against the Debtor, all of his representatives, agents, employees, alter egos, related entities, insurers, predecessors, principals, successors-in-interest, heirs and assigns, and the Trustee on behalf of the Estate (the "Released Parties").  The Claimants waive Section 1542 of the California Civil Code and release any and all claims which they may have against the Released Parties, or which relate in any way or were caused by the incidents as described in the Action.

8) The Claimants agree that neither they nor their attorneys nor their representatives shall publish or cause to be published any disparaging comments about the Released Parties, and to otherwise refrain from posting any negative reviews or comments about the care rendered by the Released Parties in any public forum, social media or website. The Claimants agree to withdraw, take down, or delete any prior disparaging comments about the Released Parties that they have posted or published on the internet or any social media platform.  The Claimants also agree they shall not

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

1  publicly disclose any of the terms of the Agreement, or the allegations giving rise to

2  this litigation, other than what has been disclosed prior to the signing of the

3  Agreement, except as required by law.  Nothing about this confidentiality clause is

4  intended to prevent any party from communicating with the California Medical Board

5  or with their respective tax advisors, and this confidentiality clause expressly does not

6  preclude disclosure of this information in any other litigation, legal proceeding, tax or

7  bankruptcy proceedings.  Nothing about this Agreement is intended to preclude any

8  aspect of the testimony of any witness in that ongoing litigation or any other legal

9  proceeding, including any pending action for civil or criminal penalties against the

10  Released Parties.

11      9)  The Debtor and Chalene Johnson agree to a mutual and full release of all claims with

12          regard to each other, including but not limited to a dismissal with prejudice of all legal

13          proceedings in Orange County Superior Court Case No. 30-2021-01226133, along

14          with any cross-complaints, appeals, and anti-SLAPP motions.

15      10) The Agreement is subject to Bankruptcy Court approval.

16      By the Motion, the Trustee seeks the Court's approval of the compromise that he reached

17  with the Claimants as memorialized and agreed to in the Agreement attached hereto as Exhibit

18  "1."

19  **III.**

20  **ARGUMENT AND APPLICABLE LEGAL AUTHORITY**

21  **A.**  **With Court Approval, a Trustee May Compromise Claims of the Estate.**

22      Federal Rule of Bankruptcy Procedure 9019(a) provides:

23          On motion by the trustee and after notice and a hearing, the court may

24          approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees

25          as provided in Rule 2002 and to any other entity as the court may direct.

26      Accordingly, upon appropriate notice, the Court may approve a compromise or settlement.

27  In the instant case, the entire Notice of Motion and Motion has been served on the Debtor,

28  Debtor's bankruptcy counsel, all parties requesting special notice, and the United States Trustee.

1    A separate Notice of the Motion and the hearing on the Motion has been served on all creditors

2    and other parties in interest entitled to notice.

3        **B.  The Agreement Should Be Approved.**

4            The Ninth Circuit has stated that, "The purpose of a compromise agreement is to allow the

5    trustee and the creditors to avoid the expenses and burdens associated with litigating sharply

6    contested and dubious claims."  *Martin v. Kane (In re A&C Properties)* 784 F.2d 1377, 1380-81

7    (9th Cir. 1986) *cert. denied sub nom, Martin v. Robinson* 479 U.S. 854 (1986) ("A&C

8    Properties"). The Bankruptcy Court has great latitude in approving a compromise so long as it

9    finds that the compromise is fair and equitable. *Id.* at 1382; *see also*, *Woodson v. Fireman's Fund*

10   *Insurance Company (In re Woodson)* 839 F.2d 610, 620 (9th Cir. 1988) ("Woodson"); *Burton v.*

11   *Ulrich (In re Schmitt)* 215 B.R. 417, 421 (9th Cir. BAP 1997) ("Burton v. Ulrich").

12           Moreover, in approving a settlement the Court is not required to conduct an exhaustive

13   investigation into the validity of the merits of the claims sought to be compromised as a

14   precondition to approving the Agreement. *U.S. v. Alaska Nat'l Bank (In re Walsh Constr., Inc.),*

15   669 F.2d 1325, 1328 (9th Cir. 1982). The Court need only find that the settlement was negotiated

16   in good faith and is reasonable, fair, and equitable. *In re A&C Properties, supra,* 784 F.2d at

17   1381; *see also Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v.*

18   *Anderson*, 390 U.S. 414, 424 (1968) (establishing "fair and equitable" standard for approval of

19   compromises in bankruptcy).

20           The Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel for the Ninth

21   Circuit have consistently held that a Bankruptcy Court must consider four factors in determining

22   whether to approve a compromise:

23       (a)    The probability of success in the litigation;

24       (b)    The difficulties, if any, to be encountered in the matter of collection;

25       (c)    The complexity of the litigation involved, and the expense, inconvenience and

26              delay necessarily attending to it; and

27       (d)    The paramount interest of the creditors and a proper deference to their reasonable

28              views.

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

1    *A&C Properties, supra* at 1381; *In re Woodson, supra* at 620; *Burton v. Ulrich, supra,* at 421.

2        When evaluating the four *A&C Properties* factors, "courts need not rule upon disputed

3    facts and questions of law, but rather only canvass the issues…. A mini-trial on the merits is not

4    required." *Burton v Ulrich, supra,* at 423. While the court must make an independent

5    determination, the judgment of the trustee deserves some deference. *In re West Pointe Properties,*

6    *LP* 249 B.R. 273, 281 (Bankr. E.D. Tenn. 2000).

7        In this case, an analysis of the four A&C Properties factors with respect to the Agreement

8    reveals the following:

9        **1.    The Probability of Success in the Litigation**

10        The probability of the Trustee and Debtor succeeding in litigation against the Claimants is

11    uncertain, and would depend both on the factual evidence that can be developed with respect to

12    each of the individual claims, as well as upon application of the law to such facts.  Accordingly,

13    there is significant uncertainty regarding whether the Trustee and Debtor would be able to defeat

14    the Claimants claims asserted in the Action. In the event that a jury found that the Debtor is liable

15    and the Court entered judgment(s) against the Debtor, the Debtor's insurance likely would cover

16    such judgments; to the extent that judgments are entered in excess of the Debtor's insurance

17    limits, the Estate would be liable for those amounts.

18        Thus, the Trustee believes that there are substantial risks and significant costs required to

19    be incurred by each side if the parties were to litigate their disputes to a conclusion. In light of

20    such risks and costs, the Trustee believes that the Agreement constitutes a reasonable compromise

21    of the disputed matters. Accordingly, this factor weighs in favor of approving the Agreement.

22        **2.    The Difficulties to be Encountered in the Matter of Collection**

23        The Trustee believes that this factor does not apply here.  If the Parties were to litigate

24    their disputes to an ultimate conclusion, and the Court found in favor of the Debtor, the Debtor

25    likely would not be entitled to any recovery from the Claimants.  With no award to recover,

26    collectability of a judgment from the Claimants is irrelevant to this analysis.

27    / / /

28    / / /

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

3.    **The Complexity of the Litigation and Subsequent Expense, Inconvenience, and Delay**

The Action constitutes a multitude of (as many as 36) factually distinct individual claims. Resolving the disputes between the Debtor and Trustee, on the one hand, and the Claimants, on the other hand, through litigation would require numerous separate jury trials to determine significant and difficult issues of fact, and complex issues of liability and calculation of damages under state tort law, including determination of liability, determination of comparative fault, determination of the appropriate amount of damages if any fault of the Debtor is found, determination of factual and legal issues concerning the tort and medical malpractice claims asserted in the Action, and if liability is found, determination of damages to be awarded for each Claimant.  In addition, if a jury were to find the Debtor liable, additional evidence including expert testimony would be required to conduct complex damages calculations. The Parties would incur substantial expense in conducting discovery, performing legal research, obtaining expert testimony, and otherwise preparing for and conducting multiple jury trials.

Moreover, litigation in state court to the conclusion of each of the Claims would cause significant delay to the administration of this case; it would be nearly impossible for the Trustee to successfully propose and confirm a chapter 11 plan of reorganization without first liquidating the Claims.

The procedure agreed to in the Agreement will provide for the liquidation of the Action and Claims asserted by the Claimants without the need for further litigation.  The Agreement will place the settlement fund in the control of the Claimants, and the Claimants and their counsel will be solely responsible for the administration of the process they have created for resolving the amount of each claim and its respective share of the settlement proceeds.  The Agreement therefore has the further benefit of eliminating any administrative cost and burden on this Estate and this Court in the administration of the settlement fund.

For the foregoing reasons, this factor weighs heavily in favor of approving the Agreement.

/ / /

/ / /

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

**4. The Paramount Interest of Creditors, and Proper Deference to their Reasonable Views**

As set forth above and in the attached Casey Declaration, the Trustee believes that the Agreement is in the best interest of creditors because it will resolve the Action and Claims, without any payment from the Estate, and while minimizing further costs, risks and delays associated with litigating the Action or the Claims.  The Trustee does not believe that the Estate and its creditors are likely to obtain a more favorable net result through litigation with the Claimants than will be achieved through Court approval and performance of the Agreement.  Moreover, the resolution of the Claims and liquidation of the Action provided for in the Agreement will facilitate a speedy conclusion to this bankruptcy case.  Consequently, the Trustee believes that the paramount interest of creditors weighs in favor of the Agreement and Court approval thereof.

On balance, the four A&C Properties factors weigh strongly in favor of approving the Agreement.

**C. The Notice Given is Proper for the Relief Requested in this Motion.**

Rule 9019(a) of the Federal Rule of Bankruptcy Procedure requires that, "Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Although the Trustee has opted to set this matter for hearing, Local Bankruptcy Rule 9013-1(o) permits the relief requested in this Motion to be sought upon notice and an opportunity for a hearing.

Here, the notice has been served on the Debtor, Debtor's counsel, all parties requesting special notice, the Office of the United States Trustee, and all creditors.  The Trustee submits that the notice given is proper, and thus, if there is no timely opposition, the Motion should be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

IV.

**CONCLUSION**

Based on all of the foregoing, the Trustee submits that the Agreement is a fair and reasonable compromise of disputed matters by creating a procedure to liquidate the Action and Claims without requiring any contribution of Estate resources, and thus is in the best interests of the Estate and its creditors, and should be approved by the Court. Therefore, the Trustee respectfully requests that the Court enter an order granting the Motion and approving the Agreement.

Date: November 21, 2023                    Respectfully submitted,

                                           RINGSTAD & SANDERS LLP


                                           By: */s/ Todd C. Ringstad*
                                                Todd C. Ringstad
                                           General Bankruptcy Counsel for Thomas H. Casey,
                                           Chapter 7 Trustee

1    ## DECLARATION OF THOMAS H. CASEY

2        I, Thomas H. Casey, declare as follows:

3        1.    I am the duly appointed and acting Chapter 11 trustee for the bankruptcy estate

4    (the "Estate") of Arian Mowlavi, M. D., Debtor ("Dr. Mowlavi" or "Debtor").  The matters set

5    forth herein are of my own personal knowledge, upon my review of the Court file, my review of

6    documents provided by the Debtor, or upon information and belief where noted, and, if called

7    upon to do so, I could and would competently testify hereto.  I make this declaration in support of

8    my Motion for an Order Approving Compromise of Controversy with State Court Claimants (the

9    "Motion"), seeking approval of the agreement attached hereto as Exhibit "1" (the "Agreement").

10        2.    The Debtor filed a voluntary petition ("Petition") under Chapter 11 of the

11    Bankruptcy Code on February 21, 2022 (the "Petition Date"), with the United States Bankruptcy

12    Court for the Central District of California, Santa Ana Division.

13        3.    I am informed and believe that the Debtor is a licensed physician in the State of

14    California, operating a medical practice known as A.M. Cosmetic Surgery Clinics, Inc.

15        4.    On July 13, 2022, creditors describing themselves as the "State Court Tort and

16    Medical Malpractice Claimants" (referred to herein as "Claimants") filed a Motion for Order Re:

17    Appointment of a Chapter 11 Trustee Pursuant to Section 1104(a) of the Bankruptcy Code (the

18    "Trustee Motion") [Doc. 104], and related pleadings.  After several hearings, briefing by multiple

19    parties, and the appointment of and report by an examiner, the Court found cause to order the

20    appointment of a Chapter 11 trustee.  *See* Doc. 193.  On December 27, 2022, the Court entered an

21    order approving my appointment as Chapter 11 Trustee.  *See* Doc. 203.

22        5.    On March 14, 2022, the Claimants filed a First Amended Complaint for Damages:

23    (1) Battery; (2) Negligent Hiring, Training, Supervision and Retention; (3) Medical Battery; (4)

24    Intentional Misrepresentation; (5) Negligent Misrepresentation; (6) Fraudulent Concealment; (7)

25    Medical Malpractice; (8) Lack of Informed Consent; (9) Negligence Per Se; (10) Violations of

26    Business Code Section 17200; (11) Intentional Infliction of Emotional Distress; (12) Constructive

27    Fraud (Civ. Code §1573); (13) Negligent Failure to Warn; (14) Loss of Consortium; (15) Invasion

28    of Privacy – Public Disclosure of Private Facts; (16) Invasion of Privacy – Appropriation of

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

Name or Likeness; (17) Invasion of Privacy – Use of Name or Likeness; (18) Breach of Fiduciary

Duty – Duty of Confidentiality; (19) Breach of Fiduciary Duty – Duty of Undivided Loyalty; (20)

Breach of Fiduciary Duty – Failure to Use Reasonable Care; (21) Violation of Civil Code Section

3344 – Statutory Misappropriation of Likeness (the "Complaint"), continuing the action currently

pending before the Orange County Superior Court (the "State Court"), Case, No. 30-2021-

01238424 (the "Action").

6.    After the Petition Date, Stretto, Inc. was appointed claims agent in this case.  Polis

& Associates and/or Ikuta Hemesath LLP filed 36 claims, Stretto Claim Nos. 6, 8-41 and 43

(collectively, the "Claims") on behalf of the State Court Claimants.  A chart listing the initials,

Stretto Claim No., and amount asserted by each Claimant is attached as Exhibit "2" to this

Declaration.  A copy of the Complaint was attached to each of the Claims.

7.    The Debtor disputes the Action and the Claims.

8.    The Debtor maintained professional liability insurance provided by The Doctor's

Insurance Company (the "Insurance Company") for the years implicated by the claims of the

Claimants.  The Insurance Company has provided attorney Terrance J. Schafer as defense counsel

to the Debtor.  Mr. Schafer has actively negotiated with the Claimants' counsel on behalf of the

Debtor, the Trustee, the Estate and the Insurance Company in an effort to expeditiously liquidate

and resolve the Action and each of the Claims and negotiate a streamlined process by which the

amount to be paid to each Claimant, if any, shall be determined.

9.    Rather than continue to engage in expensive and time-consuming litigation over

the Debtor and the Estate's liability for the Action and the Claims, and desiring to resolve the

Action and Claims without the delay, expense, and uncertainty of further litigation, the Parties

have successfully reached an agreement that will expeditiously liquidate the disputed Action and

Claims without the need for further litigation.  Furthermore, the Insurance Company has agreed to

fund the entirety of the $6,000,000 settlement fund.  A true and correct copy of the Release and

Settlement Agreement (the "Agreement") agreed to between the Claimants, the Debtor, and the

Trustee is attached hereto as Exhibit "1."

/ / /

10. Having reviewed and evaluated the Claimants' causes of action asserted against the Debtor, the Estate, and certain related third parties, I believe that the Agreement is in the best interest of creditors. The Agreement will resolve as many as 36 factually unique claims and will provide for funding of the settlement fund entirely by the Insurance Company. It is likely that litigation of these 36 factually unique claims would have cost millions of dollars and resulted in years of delay, and the likely result of such litigation is highly speculative as to each of the claims.

11. The Agreement will place the settlement fund in the control of the Claimants, and the Claimants and their counsel will be solely responsible for the administration of the process they have created for resolving the amount of each claim and its respective share of the settlement proceeds. The Agreement therefore has the further benefit of eliminating any administrative cost and burden on this Estate and this Court in the administration of the settlement fund.

12. For the foregoing reasons, I believe the Agreement is in the best interests of the Estate and its creditors. The settlement set forth in the Agreement will resolve the Action and the Claims without any payment from the Estate, while eliminating any further costs, risks and delays associated with litigating the Action or the Claims. I do not believe that the Estate and its creditors are likely to obtain a more favorable net result through litigation with the Claimants than will be achieved through Court approval and performance of the Agreement. Consequently, I believe that the paramount interest of creditors weighs in favor of the Agreement and Court approval thereof.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed this 20 day of November, 2023, at Mission Viejo, California.

Thomas H. Casey, Chapter 7 Trustee

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

## RELEASE & SETTLEMENT AGREEMENT

This Release & Settlement Agreement is made and entered into by and between defendant, ARIAN S. MOWLAVI, M.D., and all of his representatives, agents, employees, alter egos, related entities, insurors, predecessors, principals, successors-in-interest, heirs and assigns, and Thomas H. Casey, Chapter 11 Trustee ("Trustee") of the bankruptcy estate of ARIAN S. MOWLAVI, M.D. ("The Estate"), **hereinafter "Released Parties"**, and all of the plaintiffs in this action (listed below with their initials from the Complaint), and their representatives, agents, alter egos, related entities, heirs and assigns, **hereinafter "Releasing Parties"**:



(AMG) and ███ (GG)
(BC)
(BH)
(CC)
(CJ)
(CL)
(CSJ)
(DP)
(GC)
(JH)
(KA)
(KM) and ███ (MM)
(LG)
(LS)
(MP)
(NB)
(SL)
(TA) and ███ (JA)
(VS)
(JLA)
(XA)
(BB)
(ME)
(NF)
(AG)
(LLG)
(EL)
(BP)
(MS)
(SS)
(DV) and ███ (RV)
(KD)

1

DocuSign Envelope ID: 366E0DA1-9F3F-492S-A758-A43D39B5BF8

1.   This Release & Settlement Agreement is entered into with reference to the following facts:

2.   Releasing Parties, as plaintiffs, or potential plaintiffs, and Released Parties, as defendants or potential defendants, are parties to an action in tort for damages venued in Orange County Superior Court, Case No. 30-2021-01238424 (hereinafter "The Action");

3.   ARIAN S. MOWLAVI, M.D. is presently a debtor in a bankruptcy case pending in the United States Bankruptcy Court, Central District of California as Case No. 8:22-bk-10296-SC ("The Bankruptcy Case").

4.   Each of the Releasing Parties listed above have filed claims in The Bankruptcy Case ("The Bankruptcy Claims").

5.   The parties to this litigation desire to fully and completely settle and resolve all claims and potential claims by the Releasing Parties arising out of any prior medical services, including each and every individual and derivative claim against the Released Parties, as well as any potential future claims for wrongful death.

6.   The Doctor's Company, on behalf of the Released Parties, agrees to pay the Releasing Parties and their attorneys of record the total sum of $6,000,000.00 in full and complete settlement of The Action ("The Settlement Consideration"), and all claims therein, upon execution of this Release & Settlement Agreement by Releasing Parties, as well as delivery to counsel for Released Parties of the fully executed Request for Dismissal with prejudice of The Action as to all defendants.   The settlement drafts totaling $6,000,000.00 shall be made payable to the Ikuta Hemesath Client Trust Account and shall be payable within 50 days of this fully executed Release & Settlement Agreement being provided to counsel for Released Parties.

7.   Subject to the approval of the Bankruptcy Court, the Trustee has agreed to authorize the payment of The Settlement Consideration.   The Trustee shall promptly seek to obtain the approval of the Bankruptcy Court to this Agreement and to the payment of The Settlement Consideration.   Within five business days of full execution of this Agreement, the Trustee shall file a Motion under Bankruptcy Rule 9019 for Court approval of this Agreement in The Bankruptcy Case.

2

DocuSign Envelope ID: 366E06A4-9F3F-492C-A758-A191A3695F18

8.   All sums set forth herein, and all settlement proceeds, either by lump sum or by periodic payments, constitute damages on account of personal physical injuries or physical sickness, within the meaning of 26 U.S.C. Section 104(a)(2) and California Revenue & Taxation Code, Section 17131.  The Released Parties reserved the right to introduce, pursuant to California Civil Code, Section 3333.1(a), evidence of payments and benefits made by collateral sources and intended to do so at the time of any trial.

9a.  Releasing Parties agree that the allocation and distribution of the $6,000,000 between the Releasing Parties shall be determined by the Honorable Linda S. Marks, Retired Judge of Judicate West.  Judge Marks will be provided all pictures, medical records, bills, and other pertinent documents as part of her decision process.  Each Releasing Party will also have the right to submit a two-page summary and/or a video not to exceed 5 minutes for submission to Judge Marks for her consideration.

9b.  Judge Marks's decisions regarding allocation and distribution will be binding.  Once Judge Marks makes her decision as to allocation of the funds, there will be no rights of any Releasing Party to seek reconsideration, appeal, or opt out of Judge Marks' decision.  The costs of utilizing Judge Marks as an allocation officer shall be borne entirely by Releasing Parties.  The overall costs of this matter incurred by the attorneys for the Releasing Parties shall be apportioned in proportion to Judge Marks' allocation.

10.  In consideration of the provisions provided for in each of the paragraphs herein, Releasing Parties and their representatives, agents, alter egos, related entities, heirs and assigns hereby release and forever discharge the Released Parties, their representatives, agents, employees, alter egos, related entities, insurors, predecessors, principals, successors-in-interest, heirs and assigns from any and all past, present or future claims, demands, liens of any kind, including but not limited to, legal liens and medical liens, obligations, actions, causes of action, claimed rights and damages, costs, expenses, compensation of any nature, whether for compensatory or other damages, with which the Releasing Parties, their heirs, successors or assigns now have or which may hereinafter accrue or otherwise be acquired on account of, or in any way arising out of, or which are the subject of, The Action.

3

DocuSign Envelope ID: 306E06A4-9F3F-492C-A758-A131713C99FF8

11.   The Releasing Parties hereby absolutely and forever release and discharge the Released Parties from any and all matters which are the subject of the Complaint in The Action, including, but without limitation, any and all known or unknown claims for wrongful death, personal injuries and/or property damage, and/or other damages, and the consequences thereof, which may have resulted or result from the alleged acts or omissions of the Released Parties, as included in any and all alleged causes of action by said Releasing Parties against the Released Parties in The Action and which are the subject matter of The Action.

12.   This Release & Settlement Agreement shall be fully binding and operate as a complete release of all claims being asserted by the Releasing Parties, and all parties represented by or asserting any claims through the Releasing Parties, against the Released Parties.

13.   Within five business days of receipt of The Settlement Consideration, counsel for the Releasing Parties shall file in The Bankruptcy Case a release and withdrawal of each claim filed in The Bankruptcy Case by the Releasing Parties.

14.   Each party to this Release & Settlement Agreement shall bear all attorneys' fees and costs arising from the actions of its own counsel in connection with The Action and this Release & Settlement Agreement.

15.   Concurrently with the execution of this Release & Settlement Agreement, counsel for the Releasing Parties shall deliver to counsel for the Released Parties an executed Request for Dismissal with prejudice of The Action with regard to all defendants.  Counsel for the Releasing Parties hereby authorizes counsel for the Released Parties to file the Request for Dismissal with prejudice with the court and enter it as a matter of record after confirmation of receipt by counsel for the Releasing Parties of the settlement check or checks totaling $6,000,000.00.

16.   The Releasing Parties hereby represent that there are no known liens or claims for reimbursement or subrogation for medical expenses, wages loss and/or disability benefits received by Releasing Parties that may be asserted as against the Released Parties in The Action, or if any such liens or claims for reimbursement or subrogation do exist, the Releasing Parties agree that those liens are their exclusive responsibility.

4

DocuSign Envelope ID: 366E38A1-9F3F-4925-A758-AF3F3699B7F8

17.  The Releasing Parties further represent and agree that, to the extent they have or will receive reimbursement or compensation for injuries and damages prayed for as special damages in the Complaint for damages in The Action by private or public insurers, local, state or federal governments, private or public medical plans, or other third Parties providers (hereinafter referred to as "providers"), or subrogation for benefits received by the Releasing Parties, they will assume the exclusive responsibility to reimburse all such monies claimed or which could be claimed by said providers.

18.  The Releasing Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Release & Settlement Agreement, except as otherwise set forth herein; that Releasing Parties have the sole right and exclusive authority to execute this Release & Settlement Agreement and receive the sums specified in it; and that Releasing Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Release & Settlement Agreement.

19.  The Releasing Parties agree that neither they nor their attorneys nor their representatives shall publish or cause to be published any disparaging comments about the Released Parties, and to otherwise refrain from posting any negative reviews or comments about the care rendered by the Released Parties in any public forum, social media or website.  The Releasing Parties agree to withdraw, take down or delete any prior disparaging comments about the Released Parties that they have posted or published on the internet or any social media platform.  The Releasing Parties also agree they shall not publicly disclose any of the terms of this Release & Settlement Agreement, or the allegations giving rise to this litigation, other than what has been disclosed prior to the signing of this Release & Settlement Agreement, except as required by law. Nothing about this confidentiality clause is intended to prevent any party from communicating with the California Medical Board or with their respective tax advisors, and this confidentiality clause expressly does not preclude disclosure of this information in any other litigation, legal proceedings, tax or bankruptcy proceedings.  Nothing about this Agreement is intended to preclude any aspect of the testimony of any witness in any ongoing litigation or any other legal proceeding,

5

including any pending action for civil or criminal penalties
against the Released Parties.

20. As an integral and indispensable part of this Release
& Settlement Agreement, CHALENE JOHNSON and ARIAN MOWLAVI, M.D.
agree to a mutual and full release of all claims with regard to
each other, including but not limited to a dismissal with
prejudice of all legal proceedings in Orange County Superior
Court Case No. 30-2021-01226133, along with any Cross-
Complaints, appeals and anti-SLAPP motions.

21. In consideration of the provisions in each paragraph
herein, Releasing Parties release the Released Parties by this
instrument and agree that it shall be effective as a full and
final accord and satisfaction and release of each and every
claim or matter which is the subject of The Action against the
Released Parties, their representatives, agents, employees,
alter egos, related entities, insurors, predecessors,
principals, successors-in-interest, heirs and assigns. In
furtherance of this intention, Releasing Parties expressly waive
Section 1542 of the <u>Civil Code</u> of the State of California, which
provides as follows:

> "Section 1542: [Certain claims not affected by General
> Release.] A general release does not extend to claims that
> the creditor or releasing party does not know or suspect to
> exist in his or her favor at the time of executing the
> release and that, if known by him or her, would have
> materially affected his or her settlement with the debtor
> or released party."

22. Releasing Parties hereby waive and relinquish every
right or benefit which they have or may have under Section 1542
of the <u>Civil Code</u> of the State of California to the full extent
that they may fully waive such right or benefit with regard to
the subject matter of this Release & Settlement Agreement. In
accordance with such waiver and relinquishment, the Releasing
Parties acknowledge that they are aware that they may hereafter
discover facts in addition to or different from those which they
now know, or believe to be true with respect to the subject
matter of this Agreement, but it is their intention fully,
finally and forever to settle and release all claims, known and
unknown, suspected or unsuspected, which now exist, may exist,
or previously existed for the Releasing Parties against the
Released Parties. In furtherance of such intention, the

DocuSign Envelope ID: 366E06A4-9F3F-492C-A758-A131309BF18

releases given herein shall be in and shall remain in effect as full and complete releases notwithstanding discovery or the existence of any such additional or different facts.

23.  All parties to this agreement acknowledge and warrant that they have been represented by independent counsel of their own choosing throughout any negotiations which preceded the execution of this Release & Settlement Agreement.  All parties have read all of the terms of this agreement and have had the opportunity to have it explained to them by their respective attorneys and all parties, fully understand all of the terms and their significance.

24.  This Release & Settlement Agreement contains the entire agreement and understanding between the parties concerning the subject matter of this agreement and supersedes and replaces all prior negotiations, proposed agreements and any other agreements, written or oral.  All parties acknowledge that no other party nor any agent or attorney of such parties has made any promise, representation, or warranty, express or implied, which is not contained in this agreement to induce the execution of this Release & Settlement Agreement.  All parties to this agreement further acknowledge that they are not executing this agreement in reliance on any promise, representation or warranty not contained in this Release & Settlement Agreement.

25.  This Release & Settlement Agreement shall in all respects be interpreted, enforced and governed by the laws of the State of California.

26.  Releasing Parties agree that by the terms of this Release & Settlement Agreement, their attorneys shall dismiss The Action with prejudice as to all defendants, while bearing their own costs and attorneys' fees, and understand that the effect of that dismissal will be to terminate their right to pursue The Action against the Released Parties and any other defendants, including any known or unknown claims against the Released Parties.

27.  It is expressly understood and agreed that this Release & Settlement Agreement is being made solely for the purpose of avoiding the expense and inconvenience of further litigation and it is not to be construed as an admission on the

part of any parties of any unlawful or wrongful conduct, or of
any liability to any other parties as alleged in The Action or
otherwise, all of which is expressly denied.

28.   The Releasing Parties further declare and represent
that no promise, inducement or agreement not herein expressed
has been made to the Releasing Parties and that this Release &
Settlement Agreement contains the entire agreement between the
Releasing Parties and the Released Parties and that the terms of
the Release & Settlement Agreement are contractual and not a
mere recital.

**FOR YOUR PROTECTION, CALIFORNIA LAW REQUIRES THE FOLLOWING TO
APPEAR ON THIS FORM:**

**"IT IS UNLAWFUL TO: (A) Present or cause to be presented
any false or fraudulent claim for the payment of a loss
under a contract of insurance. (B) Prepare, make or
subscribe any writing with intent to present or use the
same or to allow it to be presented or used in support
of any such claim.  Every person who violates any
provision of this section is punishable by imprisonment
in the State prison, not exceeding three years or by
fine not exceeding $1,000.00 or both."**

29.   The Releasing Parties agree and warrant that they have
carefully read and understand the terms of this Release &
Settlement Agreement and that they have not relied upon the
representations or advice of any other parties or attorneys not
their own.  This Release & Settlement Agreement, and the terms
and conditions expressed herein, were determined in negotiations
between the Releasing Parties and Released Parties and their
respective counsel and representatives.

**BY THEIR SIGNATURE BELOW, THE RELEASING PARTIES ACKNOWLEDGE
THAT THEY HAVE READ THIS RELEASE & SETTLEMENT AGREEMENT AND
FULLY UNDERSTAND IT AND AGREE AND RELEASE ANY AND ALL CLAIMS
WHICH THEY MAY HAVE AGAINST THE RELEASED PARTIES OR WHICH RELATE
IN ANY WAY OR WERE CAUSED BY THE INCIDENTS AS DESCRIBED IN THE
ACTION (ORANGE COUNTY SUPERIOR COURT CASE NO. 30-2021-01238424).**

DATED:  10/30/2023          BY:  _____ (AMG)

8



DATED: 10/31/2023                    BY: _____ (GG)

DATED: 11/1/2023                     BY: _____ (BC)

DATED: 10/28/2023                    BY: _____ (BH)

DATED: 10/27/2023                    BY: _____ (CC)

DATED: 11/2/2023                     BY: _____ (CJ)

DATED: 11/1/2023                     BY: _____ (CL)

DATED: 10/28/2023                    BY: _____ (CSJ)

DATED: _____              BY: _____ (DP)

DATED: 10/31/2023                    BY: _____ (GC)

DATED: 10/27/2023                    BY: _____ (JH)

DATED: 11/8/2023                     BY: _____ (KA)

9



DATED: NOU 7 2023



DATED:  10/27/2023        BY:        (KM)

DATED:  11/11/2023        BY:        (MM)

DATED:  10/27/2023        BY:        (LG)

DATED:  10/27/2023        BY:        (LS)

DATED:  10/27/2023        BY:        (MP)

DATED:  11/4/2023         BY:        (NB)

DATED:  11/13/2023        BY:        (SL)

DATED:  10/29/2023        BY:        (TA)

DATED:  11/1/2023         BY:        (JA)

DATED:  11/10/2023        BY:        (VS)

DATED:  10/30/2023        BY:        (JLA)

DATED:  10/28/2023        BY:        (XA)

10



DATED: 11/3/2023    BY: _____ (BB)

DATED: **10/26/2023**    BY:

DATED: 10/28/2023    BY: _____ (NF)

DATED: 11/11/2023    BY: _____ (AG)

DATED: 10/28/2023    BY: _____ (LLG)

DATED: 10/27/2023    BY: _____ (EL)

DATED: 11/17/2023    BY: _____ (BP)

DATED: 10/28/2023    BY: _____ (MS)

DATED: 10/27/2023    BY: _____ (SS)

DATED: 11/2/2023    BY: _____ (DV)

DATED: 11/2/2023    BY: _____ (RV)

11

DocuSign Envelope ID: 500E06A4-9F5F-432C-A758-A13113C95FF8

DATED: 11/11/2023                  BY: _____

                                                                (KD)


AGREED AND ACCEPTED SUBJECT TO BANKRUPTCY COURT APPROVAL:

DATED: 11/20/23                    BY: _____
                                        Thomas H. Casey, Chapter 11
                                        Trustee of the Estate of ARIAN S.
                                        MOWLAVI, M.D.


12

**Exhibit "2"**

| Claimant Initials | Claim No. | Claim Amt. |
|---|---|---|
| AMG | 37 | $ 562,060.00 |
| GG | 18 | $ 250,000.00 |
| BC | 22 | $ 341,054.00 |
| BH | 19 | $ 250,500.00 |
| CC | 23 | $ 289,602.45 |
| CJ | 24 | $ 2,445,648.00 |
| CL | 25 | $ 914,395.66 |
| CSJ | 26 | $ 269,243.92 |
| DP | 6 | $ 261,500.00 |
| GC | 27 | $ 269,243.92 |
| JH | 28 | $ 364,485.00 |
| KA | 29 | $ 766,536.40 |
| KM | 30 | $ 323,916.59 |
| MM | 8 | $ 250,000.00 |
| LG | 9 | $ 266,725.00 |
| LS | 10 | $ 269,040.00 |
| MP | 31 | $ 289,300.00 |
| NB | 11 | $ 304,616.70 |
| SL | 32 | $ 280,000.00 |
| TA | 12 | $ 329,207.06 |
| JA | 13 | $ 250,000.00 |
| VS | 33 | $ 902,411.85 |
| JLA | 38 | $ 298,261.50 |
| XA | 20 | $ 284,462.36 |
| BB | 14 | $ 360,102.56 |
| ME | 39 | $ 585,000.00 |
| NF | 34 | $ 299,146.00 |
| AG | 40 | $ 336,876.22 |
| LLG | 41 | $ 259,400.00 |
| EL | 35 | $ 337,738.28 |
| BP | 15 | $ 1,278,222.31 |
| MS | 36 | $ 372,270.00 |
| SS | 21 | $ 311,267.66 |
| DV | 16 | $ 590,917.24 |
| RV | 17 | $ 250,000.00 |
| KD | 43 | $ 284,468.73 |
|  |  | $ 16,297,619.41 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 4910 Birch Street, Suite 120, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S AMENDED MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY WITH STATE COURT TORT CLAIMANTS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF THOMAS H. CASEY**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 21, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Ashley M Teesdale**    ashley@ringstadlaw.com, becky@ringstadlaw.com;arlene@ringstadlaw.com
- **Tamar Terzian**    tamar@terzlaw.com, sandra@terzlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **J Scott Williams**    jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com

☐  Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On _____ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| November 21, 2023 | Becky Metzner | /s/ Becky Metzner |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**