Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
RINGSTAD & SANDERS LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
Telephone: 949-851-7450
Facsimile:  949-851-6926

General Insolvency Counsel for
Thomas H. Casey, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ARIAN MOWLAVI,<br><br><br>Debtor | Case No. 8:22-bk-10296 SC<br><br>Chapter 11 Proceeding<br><br>**STATUS REPORT (FIFTH) OF CHAPTER 11 TRUSTEE THOMAS H. CASEY AND DECLARATION OF THOMAS H. CASEY**<br><br><br>Date: January 17, 2024<br>Time: 11:00 a.m.<br>Ctrm:  5C – Fifth Floor<br>    (via ZoomGov) |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

Thomas H. Casey, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Arian Mowlavi, M. D., Debtor ("Dr. Mowlavi" or "Debtor") hereby respectfully submits the attached Declaration of Thomas H. Casey providing an updated Status Report concerning the status and progress in this Chapter 11 case.

Dated: January 3, 2024             RINGSTAD & SANDERS LLP

By: /s/ Todd C. Ringstad
Todd C. Ringstad
General Insolvency Counsel to
Thomas H. Casey, Chapter 11 Trustee

## DECLARATION OF THOMAS H. CASEY

I, Thomas H. Casey, do hereby declare:

1. The following matters are true and correct and within my own personal knowledge, except those matters set forth on information and belief; and as to those matters, I am informed and believe them to be true. If called upon to do so, I could and would competently testify as to the truth of the matters set forth herein.

**Appointment of Trustee.**

2. On December 22, 2022, the Court entered an Order Granting the Medical Malpractice Claimants' Motion To Appoint A Chapter 11 Trustee (Doc 193) and continuing the Chapter 11 status conference to January 18, 2023 (subsequently continued to February 15, 2023).

3. On December 23, 2022, Thomas H. Casey's ("Trustee") Notice of Appointment of Chapter 11 Trustee (Doc 196) and Acceptance of Appointment as Chapter 11 Trustee (Doc 198) were filed with the Court.

4. On December 23, 2022, the Office of the United States Trustee ("OUST") filed an Application for Order Approving the Appointment of Chapter 11 Trustee (Doc 201) ("Application").

5. On December 27, 2022, the Court entered an Order approving the OUST's Application (Doc 203) to appoint Thomas H. Casey as Chapter 11 Trustee in this case.

**Previous Status Reports.**

6. On February 1, 2023, I filed my initial Chapter 11 Status Report in my capacity as Trustee which detailed the progress made in the case since my appointment (Doc. 249). The Court thereafter scheduled a continued Chapter 11 Status Conference for May 31, 2023 and requested an additional Chapter 11 Status Report to be filed on or before May 17, 2023.

7. On May 17, 2023, my second Chapter 11 Status Report was filed as Doc. 330. The Court thereafter continued the status conference to August 15, 2023, with an updated status report to be filed 14 days in advance of the status conference.

8. On August 1, 2023, I caused to be filed my third Chapter 11 Status Report as Doc. 418. The Court thereafter ordered the status conference scheduled for August 15, 2023 to be

continued to October 18, 2023, with an updated status report to be filed 14 days in advance of the status conference.

9. On October 4, 2023, I caused to be filed my fourth Chapter 11 Status Report as Doc. 452. The Court thereafter ordered the status conference scheduled for October 18, 2023 to be continued to January 17, 2024, with an updated status report to be filed 14 days in advance of the status conference.

**Developments since Trustee's October 18 Status Report (Fourth).**

10. The following summarizes the significant pending matters and the occurrences since the filing of the third Chapter 11 Status Report on August 1, 2023.

**Settlement and Payment of Disputed Claims of State Court Claimants.**

11. On November 21, 2023, I caused to be filed the Chapter 11 Trustee's Amended Motion for Order Approving Compromise of Controversy with State Court Claimants (the "Settlement Motion") as Doc. 503. The Settlement Motion sought approval of the Release and Settlement Agreement (the "Settlement Agreement") entered into by and between the Trustee, the Debtor, and the 36 State Court Claimants attached to the Settlement Motion as Exhibit "1." Pursuant to the Settlement Agreement, the Insurance Carrier for the Debtor's errors and omissions policy for the two years during which the State Court Claimants' claims arose paid the agreed sum to the counsel for the State Court in trust for the State Court Claimants the sum of $6 million in full satisfaction of the claims of the State Court Claimants. The Settlement Motion was approved by Order entered December 14, 2023 as Doc. 512. The Trustee thereafter promptly instructed the carrier to deliver the sum of $6 million to counsel for the State Court Claimants in full satisfaction of their claims. I am now informed and believe that the payment has been made.

12. With the completion of the settlement with the State Court Claimants, the Motion for Relief from Stay filed on behalf of the State Court Claimants (and currently scheduled for hearing on January 17, 2024) is now moot and should be withdrawn.

**Status of Professional Liability Insurance.**

13. The Debtor's previous policy of professional liability insurance was a "Claims Made" policy that provides coverage of $1 million per occurrence and $3 million aggregate for

- 4 -

Dr. Mowlavi's medical/surgical practice through A.M. Cosmetics, which expired on October 21, 2023. On October 4, 2023, the Trustee caused to be filed a Motion for Authorization to Pay Insurance Premium (Doc. 457) which Motion was approved by the Court by Order entered October 18, 2023 as Doc. 482. The Order authorized the Trustee to purchase a tail policy for the expiring malpractice insurance, which the Trustee subsequently purchased in accordance with the Motion and Order.

14. On October 11, 2023, I caused to be filed a Stipulation with the Debtor pursuant to which the Debtor agreed to limit his practice to certain non-surgical activities as Doc. 468, and on the same day caused be filed the Motion for Approval of the Stipulation to Limit the Practice as Doc. 469. The Stipulation and Motion were approved by is the Order Granting Motion and Approving Stipulation Limiting the Debtor's Practice entered On October 18, 2023, as Doc. 483. The Order limiting the Debtor's practice enabled the Debtor to purchase an affordable policy for errors and omissions coverage for his ongoing practice.

**Settlement of Maryam Taheri Lawsuit.**

15. A State Court action pending against the Debtor brought by former patient Maryam Taheri was settled by a payment from the Debtor's Insurance Carrier following the Trustee's Motion for Order Approving Compromise of Controversy filed on November 6, 2023 as Doc. 494 and approved by the Order entered December 13, 2023 as Doc. 511.

**Motion for Relief from Automatic Stay filed by Mckenna Gorham**.

16. On December 18, 2023, former patient Mckenna Gorham filed a Motion for Relief from the Automatic Stay to allow prosecution of a State Court action against the Debtor asserting various claims including malpractice. The Trustee has negotiated a resolution that will allow the plaintiff to proceed with the action to judgment while the automatic stay remains pending as to any enforcement of the action so long as the automatic stay remains in effect. A Stipulation so providing is presently circulating for signature.

**Financial Status of Case.**

17. The Trustee currently holds funds in the amount of $627,937, consisting primarily of net proceeds of the sale of the Clipper Way Property. All allowed professional fee claims have

- 5 -

been paid in full and to the best of my knowledge there are no outstanding unpaid administrative obligations with the exception of accruing professional fee claims and the Trustee's fees and costs that have not yet been allowed or approved for payment.

**Possible Dismissal of Case.**

18. The Trustee and the Debtor, through their counsel of record, have been engaged in negotiations concerning wrapping up this case. The Trustee and the Debtor are in agreement that the case should be dismissed. The Trustee intends to file a motion for dismissal that will permit payment by the Trustee of all undisputed claims, and reserve jurisdiction over unresolved administrative claims such as final allowance and payment of professional fees and Trustee's fees. Negotiations are underway with the Debtor to resolve any remaining disputed unsecured claims and allow for payment of those claims.

19. The Trustee presently anticipates that a Motion for Dismissal will be filed by the end of February, 2024 with a likely hearing date in March, 2024.

**Compliance with United States Trustee Requirements.**

20. My office is preparing and filing MORs for the Estate. As of this writing all MORs due to date have been filed. I am not aware of any requirements of the United States Trustee that are not presently current.

**Summary of Case Status.**

21. My strategy since early in my appointment has been to proceed with a two-pronged approach seeking both (i) preservation of assets and (ii) an expedited method of resolving and liquidating the disputed claims. With those goals in mind, I have sought to obtain the agreement of the Debtor, his spouse, and his business entities on a court order requiring preservation of all assets that were transferred outside of the ordinary course of business prior to the commencement of the case and avoidance claims for recovery thereof as well as requiring regular disclosure of all accounts and operations of all business entities in which the Debtor has an interest. Simultaneously, I have commenced efforts to negotiate and implement a procedure to expeditiously liquidate the disputed Medical Malpractice Claims for distribution purposes.

22. With the approval of the Settlement Agreement with the State Court Claimants and the payment of those claims, as settled, in full, the principal goals of this case have now been achieved. It would appear that the remaining unsecured claims can be satisfied, allowing for dismissal of the case. As described above, the Trustee anticipates that a Motion to allow for Payment of Undisputed Unsecured Claims and Dismissal of the Case will be filed by the end of February, 2024, thereby allowing for dismissal of the case as early as March, 2024.

23. Based upon the progress described herein, the Trustee requests a continuance of the Status Conference of at least 60 days to allow for the negotiation, preparation and filing of a Motion for Dismissal of the case as described herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of January 2024 at Mission Viejo, California.

THOMAS H. CASEY

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4910 Birch Street, Suite 120, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT (FIFTH) OF CHAPTER 11 TRUSTEE THOMAS H. CASEY AND DECLARATION OF THOMAS H. CASEY**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 3, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Ashley M Teesdale**    ashley@ringstadlaw.com, becky@ringstadlaw.com;arlene@ringstadlaw.com
- **Tamar Terzian**    tterzian@hansonbridgett.com, ssingh@hansonbridgett.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **J Scott Williams**    jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Except for documents over 25 pages, including exhibits, the requirement to deliver judges' copies of documents to chambers (LBR 5005-2(d)) continues to be temporarily suspended.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 3, 2024 | Becky Metzner | /s/ Becky Metzner |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                             **F 9013-3.1.PROOF.SERVICE**