Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
RINGSTAD & SANDERS LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
Telephone: 949-851-7450
Facsimile:  949-851-6926

General Bankruptcy Counsel for
Thomas H. Casey, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:22-bk-10296-SC |
| ARIAN MOWLAVI, | Chapter 11 Proceeding |
| Debtor. | **MOTION BY CHAPTER 11 TRUSTEE FOR ORDER DISMISSING CASE AND AUTHORIZING PAYMENT OF UNDISPUTED CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS H. CASEY IN SUPPORT THEREOF** |
| | Hearing:<br>Date:    March 13, 2024<br>Time:    1:30 p.m.<br>Place:    Courtroom 5C (via ZoomGov)<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES**

**BANKRUPTCY JUDGE:**

Thomas H. Casey, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the

"Estate") of Arian Mowlavi, M. D., Debtor ("Dr. Mowlavi" or "Debtor") hereby respectfully

submits this Motion for an order dismissing this Chapter 11 case pursuant to 11 U.S.C.

§ 1112(b)(1)[1], and for authorization to pay undisputed unsecured claims for the reasons set forth

---

[1] Unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1    herein.

2         The Trustee contends that good cause exists for dismissal of the case due to the following

3    reasons:

4         1.    A large majority of the unsecured claims in this case, consisting of the claims of 36

5    claimants (the "State Court Claimants") who collectively sued the Debtor for various malpractice

6    and tort claims in an action filed in the Superior Court of Orange County, have now been resolved

7    and the settlement consideration fully funded.

8         2.    As described in detail herein, the few additional unrelated unsecured claims have

9    been largely resolved and the Trustee is prepared to pay those claims in stipulated amounts with

10    funds on hand, with a possible exception of one disputed claim that would not be adversely

11    affected by dismissal.

12         3.    The Trustee believes that he has sufficient remaining funds to pay the undisputed and

13    resolved claims and that no further administration is required for the benefit of creditors of the

14    estate  Further, the Debtor has requested dismissal of this case rather than filing of a plan of

15    reorganization.

16         4.    Dismissal would be in the best interests of the estate, its creditors, and the Debtor.

17         5.    The Trustee further requests that the Court reserve jurisdiction to consider and rule

18    upon professional fee applications to be filed by the Trustee and all employed professionals and

19    authorize the Trustee to withhold sufficient funds to pay all such applications in full pending

20    Court determination and allowance of such fees and costs.

21         This Motion is made and based upon the attached Declaration of Thomas H. Casey, and

22    such other and further evidence as may be provided in support of this Motion.

23         WHEREFORE, Thomas H. Casey, Chapter 11 Trustee, hereby respectfully requests an

24    Order:

25         1.    Authorizing the Trustee to pay from funds in the Trustee's possession certain

26              undisputed claims against the estate;

27         2.    Dismissing this Chapter 11 case;

28

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, California 92660
949/851-7450

1    3.    Reserving jurisdiction to permit the filing, consideration, and allowance of fee

2         applications by the Trustee and all employed professionals;

3    4.    Authorizing the Trustee to reserve sufficient funds to pay all such fee applications in

4         full;

5    5.    Authorizing the Trustee to turn over to the Debtor, after payment of all allowed

6         Trustee fees and professional fees, all funds of the Debtor remaining in the Trustee's

7         possession.

8    6.    For such other and further relief as the Court may deem just and proper.

9

10   Dated:  February 15, 2024                    RINGSTAD & SANDERS LLP

11                                                By: _____

12                                                    Todd C. Ringstad
                                                     General Bankruptcy Counsel to
13                                                   Thomas H. Casey, Chapter 11 Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

# TABLE OF CONTENTS

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 4

I.    INTRODUCTION ........................................................................ 4

II.   BACKGROUND AND STATUS OF CASE ......................................... 4

      A.    Filing of the Case and Appointment of the Chapter 11
            Trustee ................................................................................ 4

      B.    Financial Status of Case ...................................................... 4

      C.    The Trustee has made Substantial Progress in Resolving
            The Issues in this Case ........................................................ 5

      D.    Analysis of Status of Creditor Claims ................................. 7

            1.    Resolution of Stretto Claims ...................................... 7
            2.    Resolution of Claims filed with Bankruptcy Court ....... 9
            3.    Scheduled, Undisputed Unsecured Claims .................. 10

III.  LEGAL AUTHORITY AND ARGUMENT ........................................ 11

      A.    The Court Should Dismiss the Case Pursuant to §1112(b) .... 11

            1.    "Cause" Exists to Dismiss this Bankruptcy Case
                  Pursuant to §1112(b) of the Bankruptcy Code .......... 12
            2.    Dismissal is in the Best Interests of the Debtor's
                  Creditors and the Estate ........................................ 12

      B.    There is Cause to Retain Funds on Hand and to Pay Certain
            Creditors and Certain Administrative Expenses, including
            Professional Fees and Costs ................................................ 13

IV.   CONCLUSION ........................................................................... 14

DECLARATION OF THOMAS H. CASEY ........................................... 16

Ringstad & Sanders
—— LLP ——
4343 Von Karman Avenue, Suite 300
Newport Beach, California 92660
949.851.7450

# TABLE OF AUTHORITIES

**Cases:**

*Czyzewski v. Jevic Holding Corp.,*
    137 S. Ct. 973, 979 (2017)     13
*In re Jackson,*
    7 B.R. 616, 618 (Bankr. E.D. Tenn. 1980)     13
*In re Marciano,*
    459 B.R. 27, 48 (B.A.P. 9th Cir. 2011),
    *aff'd,* 708 F.3d 1123 (9th Cir. 2013)     12
*In re Nelson,*
    343 B.R. 671, 675 (B.A.P. 9th Cir. 2006)     12

**Statutes:**

11 U.S.C. Section 330     14
11 U.S.C. Section 349     13
11 U.S.C. Section 349(b)     13
11 U.S.C. Section 506(d)     13
11 U.S.C. Section 507(a)     14
11 U.S.C. Section 510(c)(2)     13
11 U.S.C. Section 522     13
11 U.S.C. Section 522(i)(2)     13
11 U.S.C. Section 542     13
11 U.S.C. Section 545     13
11 U.S.C. Section 547     13
11 U.S.C. Section 548     13
11 U.S.C. Section 549     13
11 U.S.C. Section 550     13
11 U.S.C. Section 551     13
11 U.S.C. Section 553     13
11 U.S.C. Section 724     14
11 U.S.C. Section 724(a)     13
11 U.S.C. Section 726     14
11 U.S.C. Section 1112(b)     11,12
11 U.S.C. Section 1112(b)(1)     1,11,12

Local Bankruptcy Rule 1017-2(e)(3)     13
Local Bankruptcy Rule 1017-2(f)     14

Ringstad & Sanders LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, California 92660
949.851.7450

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Arian S. Mowlavi, M.D., the Debtor herein ("Debtor"), is a licensed surgeon with an active practice in cosmetic and plastic surgery.  Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on February 21, 2022.  Thomas H. Casey is the Chapter 11 Trustee (the "Trustee") of this bankruptcy estate (the "Estate"), having been appointed on December 23, 2022 (see Doc. 198).

As set forth herein, the Trustee believes that the principal goals of this Chapter 11 case have now been accomplished and that further administration of this case is unnecessary and would not provide additional benefit to the creditors of this estate or the Debtor.  The Trustee therefore seeks authority to pay undisputed claims and the dismissal of this case.

**II.**

**BACKGROUND AND STATUS OF CASE**

**A.  Filing of the Case and Appointment of the Chapter 11 Trustee.**

Debtor's bankruptcy case was commenced on February 21, 2022 by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Petition Date").

On December 22, 2022, the Court entered an Order Granting the State Court Claimants' Motion To Appoint A Chapter 11 Trustee (Doc. 193).  Thomas H. Casey was appointed Trustee by the United States Trustee by Notice of Appointment of Chapter 11 Trustee filed December 23, 2022 (Doc. 196) and confirmed by Order of the Court entered December 27, 2022 (Doc. 203).

**B.  Financial Status of Case.**

The Debtor is a Board certified cosmetic and plastic surgeon.  He also operates several wholly owned related businesses, including his medical practice through an A.M. Cosmetics Surgery Clinics, Inc., and a commercial medical building and (formerly) surgery center located at 32406 Coast Highway, Laguna Beach, CA through Cosmetic Plastic Surgery Institute, LLC ("CPSI").  The Estate may also have claims to several valuable real properties which, during the year preceding the bankruptcy filing, were transferred from the Debtor and his wife as community

property to a revocable living trust (the "Trust"), and pursuant to a newly created Property

Agreement, designated as separate property with the Debtor have a 10% separate property

interest, and the Debtor's spouse having a 90% property interest.

The Estate has accrued no known unpaid administrative claims other than accrued and

not-yet-approved professional fee claims and trustee's fees.

By Stipulation, a residential property located at 29332 Clipper Way, Laguna Niguel, CA

was transferred to the Estate from the Trust and the Trustee was authorized to sell the Clipper

Way property for the benefit of the Estate.  The Clipper Way Property was sold pursuant to the

Order of this Court granting the Trustee's Motion to Sell (Doc. 391).

Currently, the Trustee holds approximately $628,481.07.

**C.     The Trustee has made Substantial Progress in Resolving the Issues in this
Case.**

It appears that the principal reason for the commencement of this case was the filing of a

state court action asserting claims of 36 plaintiffs (the "State Court Claimants") for medical

malpractice and a variety of torts including intentional torts and seeking damages collectively

totaling $16,723,566.  Other issues raised in the case concerned certain transfers of interests in

real property between the Debtor and his spouse that occurred in the year preceding the filing of

the case.  Bankruptcy counsel for the State Court Claimants had filed a proposed Chapter 11 Plan

that sought the appointment of a Plan Agent who would liquidate all non-exempt assets of the

estate, including all real property interests of the Debtor and his spouse in the Walking Stick,

Seven Seas, Clipper Way, and Pacific Coast Highway properties.

After appointment, the Trustee developed a two-prong approach to the case, that was

described by the Trustee in the Trustee's Status Report filed February 1, 2023 as Doc. 249 as

follows:

First, the Trustee sought to obtain the agreement of the Debtor, his spouse, and his

business entities on a court order requiring preservation of all assets that were

transferred outside of the ordinary course of business prior to the commencement

of the case and avoidance claims for recovery thereof as well as requiring regular

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1    disclosure of all accounts and operations of all business entities in which the

2    Debtor has an interest. Second, the Trustee seeks to negotiate and implement a

3    procedure to expeditiously liquidate the disputed Medical Malpractice Claims for

4    distribution purposes.

5        The Trustee's strategy has been implemented in full.  First, the Trustee with the assistance

6    of his counsel, negotiated and obtained Court approval of a Stipulation with the Debtor for

7    Injunctive Relief and Reporting Requirements (filed January 31, 2023 as Doc. 244) which was

8    approved by the Court by Order entered February 16, 2023 as Doc. 272.  Among other things,

9    the Stipulation enjoined the Debtor, his wife, and related entities from transferring any interest in

10   the Walking Stick, Seven Seas, Clipper Way, and Pacific Coast Highway properties, or

11   transferring any interest in the various entities owned by Dr. Mowlavi (A.M. Cosmetic Surgery

12   Clinics, Inc.; Laguna Surgery Institute, LLC; Cosmetic Plastic Surgery Institute, LLC, and

13   Mermaid Cosmetics, LLC; collectively herein referred to as the "Entities") and required regular

14   reporting to the Trustee of all accounts of Dr. Mowlavi, his spouse, and the Entities.

15       To implement the second prong of the Trustee's approach, the Trustee opposed approval

16   of the plan and disclosure statement filed by the State Court Claimants and their Motion for

17   Relief from the Automatic Stay, and communicated frequently with insurance counsel for Dr.

18   Mowlavi to implement a strategy for a negotiated resolution of the 36 disputed claims.  These

19   efforts came to fruition with the filing on November 21, 2023 of the Trustee's Amended Motion

20   for Order Approving Compromise of Controversy (Doc. 503) which sought approval of a written

21   Release and Settlement Agreement of all 36 claims.  The Motion was approved by Order entered

22   December 14, 2023 as Doc. 512 and the settlement of the 36 claims has been fully funded from

23   proceeds of insurance policies that are assets of the bankruptcy estate.

24       Meanwhile, the operations of the Debtor's business did not generate sufficient funds to

25   cover the administrative costs accruing during the administration of this case.  The Trustee then

26   sought to negotiate with the Debtor and his spouse the transfer of the Clipper Way Property to

27   the Estate to allow for a sale of that property for the benefit of the estate and its administrative

28

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949/851.7450

1   and pre-petition creditors.  These negotiations resulted in a Stipulation with the Debtor and his

2   spouse to transfer the Clipper Way property to the estate and authorization for the Trustee to

3   market and sell the property.  The Stipulation was filed on May 9, 2023 as Doc. 327 and

4   approved by Order entered May 31, 2023 as Doc. 362.  After engaging a broker to assist in

5   marketing and selling the Clipper Way property, the Trustee successfully sold the Clipper Way

6   property by Order entered July 20, 2023 as Doc. 391.  The funds received from the Clipper Way

7   sale have largely funded the administrative expenses of this Estate and remain the majority of the

8   funds remaining in the Trustee's possession.  With these funds, the Trustee believes that there

9   are sufficient funds to pay remaining administrative claims and satisfy creditor claims as

10  described herein.

11          **D.      Analysis of Status of Creditor Claims.**

12          By Order entered March 1, 2022, Stretto, Inc. ("Stretto") was appointed as claims agent

13  for the Estate.  By Order entered March 11, 2022, the claims bar date for general, unsecured

14  claims was set for May 17, 2022.  By Order entered March 11, 2022 (Doc. 44), May 17, 2022,

15  was fixed as the last day for the filing of claims against the Estate.   A total of 45 claims were

16  filed with Stretto.  Additionally, eight claims have been filed directly with the Bankruptcy Court.

17  An analysis of all filed claims follows:

18          **1.      Resolution of Stretto Claims.**

19          Approximately 36 state court tort and medical malpractice plaintiffs ("State Court

20  Claimants") filed claims with Stretto (Stretto Claim Nos. 6, 8-41 and 43) totaling approximately

21  $16,649,813.08.  The State Court Claimants are all plaintiffs in a single action filed by the State

22  Court Claimants prior to the commencement of the case and are represented in this Bankruptcy

23  Case by Thomas J. Polis and in the state court proceeding by Hodes Millman and Ikuta

24  Hemesath.  As discussed above, these claims have been settled (see Doc. 512) and the settlement

25  amount has been fully funded.  The Trustee is informed that the Superior Court action

26  commenced by the State Court Claimants has been dismissed.

27          In addition to the 36 State Court Claimants, nine additional claims lacking key

28  information were also filed with Stretto.  These are Stretto Claim Nos. 1-5, 7, 42, 44, and 45.  In

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

order to minimize progressional fees, the Trustee deferred to Debtor's counsel to negotiate, and document agreed amounts of these claims.  Based upon the progress reported by Debtor's counsel, the Trustee proposes treatment of these claims as follows:

Stretto Claim No. 1: Patient #1007 filed Stretto Claim No. 1 for "10k" for an "overcharge at least by $8-$10k."  The Debtor has filed or will be filing a Stipulation amending this claim to reduce the claim amount to $2,000.  The Trustee intends to pay the stipulated amount in full.

Stretto Claim No. 2: Patient #25 filed Stretto Claim No. 2 for $1,000 asserting a deposit paid for a surgery that was not performed.   Because the amount of the claim is *de minimis*, the Trustee intends to pay the claim in full.

Stretto Claim No. 3: Patient #519 filed Stretto Claim No. 3 asserting a claim in the amount of $26,000 for "loan secured for services performed." The Debtor has filed or will be filing a Stipulation amending this claim to reduce the claim amount to $3,900.  The Trustee intends to pay the stipulated amount in full.

Stretto Claim No. 4: Patient #516 filed Stretto Claim No. 4.  The amount of the claim is not stated but the description for the basis of the claim states, "Financed Surgery Through Lending USA for 8,000."   The Debtor has filed or will be filing a Stipulation amending this claim to reduce the claim amount to $1,600.  The Trustee intends to pay the stipulated amount in full.

Stretto Claim No. 5: Nargis Zahir filed a Stretto Claim No. 5 asserting a claim for $1,000.  The basis of the claim is not stated.  Because the amount of the claim is *de minimis*, the Trustee intends to pay the claim in full.

Stretto Claim No. 7:  Patient #26 filed Stretto Claim No. 7 asserting a claim for $24,000 which appears to state a claim for malpractice.  The Debtor has filed or will be filing a Stipulation amending this claim to reduce the claim amount to $4,800.  The Trustee intends to pay the stipulated amount in full.

Stretto Claim No. 42: Patient #326 filed Stretto Claim No. 42 which does not state the amount of a claim or the basis for a claim.  Stretto Claim No. 42 is therefore entitled to no payment.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1   Stretto Claim No. 44: Patient #724 filed Stretto Claim No. 44 asserting a claim in the

2   amount of $6,000 which appears to state a claim for malpractice.  The Debtor has filed or will be

3   filing a Stipulation amending this claim to reduce the claim amount to $1,200.  The Trustee

4   intends to pay the stipulated amount in full.

5   Stretto Claim No. 45:  Lindsay Weber filed Stretto Claim No. 45 asserting a claim for

6   $30,000 which appears to state a claim for malpractice.  Debtor's counsel advises that he has been

7   unable to negotiate a resolution of this disputed claim.  The Trustee does not intend to pay this

8   claim on the basis that the claim is disputed by the Debtor.  The Debtor appears to have adequate

9   insurance coverage for this claim and will have adequate assets post-dismissal to pay this claim.

10  The Debtor will not be receiving a discharge by reason of the dismissal of the case so the

11  creditor's claim will be unimpaired by dismissal.

**2.       Resolution of Claims filed with Bankruptcy Court**

13  Eight claims in total were filed with the Bankruptcy Court's Clerks office.

14  Claim No. 1-1 filed by CDC Small Business Finance in the amount of $571,753.79 asserts

15  a claim that is a contingent claim for a personal guarantee by the Debtor of a loan by the SBA in

16  which the Debtor's wholly-owned entity Cosmetic Plastic Surgery Institute, LLC ("CPSI") is the

17  borrower.  The loan appears to be well secured by a deed of trust encumbering CPSI's

18  commercial property on Pacific Coast Highway in Laguna Beach.[2]

19  Claim No. 2-1 is a secured claim of $1,824,633.77 of U.S. Bank Natl. Assn.  This claim is

20  secured by a deed of trust on 32401 Seven Seas Dr., Dana Point, CA 92629.  As detailed in the

21  Examiner's Report, the loan appears to be well secured.[3]

22  Claim No. 3-1 asserts a general unsecured claim by Maryam Taheri.  Claim No. 3-1 is a

23  claim filed by Maryam Taheri in the amount of $150,000 for "personal injury, medical

---

[2]   The Examiner's Report included an extensive analysis of the value of the real properties in which Dr. Mowlavi has at least a five percent interest, and arguably has a community property interest in 100% of the title to the properties, and concludes that the CPSI property at 32406 Coast Highway, Laguna Beach, CA has an estimated fair market value of $3,274,350 and an estimated equity value net of existing liens of $2,497,540.  *See* Amended Examiner's Report, Doc. 176 at Exhibit 9, ECF page no. 511 of 516.

[3] Per the Examiner's Report, the Seven Seas Property has a value of no less than $4,000,000 and liens totaling no more than $1,890,000.  The loan is therefore well secured by the property value. *See* Doc. 176 at Exhibit 9, ECF page no. 511 of 516.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

malpractice." On November 6, 2023, the Trustee filed a Motion to Approve Compromise of Controversy which settled the Taheri claim for the sum of $29,999.99 to be paid by the Estate's errors and omissions policy. See Doc. 494. The settlement was approved by Order entered December 13, 2023 as Doc. 511. The Taheri claim has therefore been settled and paid.

Claim No. 4-1 is a secured claim of $1,776,314.92 filed by U.S. Bank Natl. Assn. This claim is secured by a deed of trust on 1 Walking Stick, Laguna Niguel, CA 92677. As detailed in the Examiner's Report, the loan appears to be well secured.[4]

Claim No. 5-1 filed by Sally Ruiz is a general unsecured claim relating to medical services. The original claim contained an inadvertent error that rendered the amount of the claim difficult if not impossible to ascertain. Ms. Ruiz filed an amended claim on August 15, 2023 asserting a claim in the amount of $7,000.00 relating to medical services. The claim lacks supporting evidence. The Debtor has filed or will be filing a Stipulation amending this claim to reduce the claim amount to $2,000. The Trustee intends to pay the stipulated amount in full.

Claim No. 6-1 is a secured claim of $259,669.92 filed by U.S. Bank Natl. Assn. This claim is secured by a deed of trust on 29332 Clipper Way, Laguna Niguel, CA 92677. This loan was paid in full from the proceeds of the sale of the Clipper Way property by the Trustee.[5]

Claim No. 7-1 was filed by the Franchise Tax Board in the amount of $57,134.00 on October 31, 2022. The Franchise Tax Board filed an amendment on July 7, 2023 (Claim 7-2) stating the claim amount as $0. This claim is therefore not entitled to payment.

Claim No. 8-1 is a claim filed by the Internal Revenue Service as an unsecured 507(a)(8) priority claim of $175,406.06 and a general unsecured claim of $6,812.44 for a total claim in the amount of $182,218.50. The Trustee hereby requests permission to pay the IRS claim in full prior to dismissal.

### 3.    Scheduled, Undisputed Unsecured Claims

---

[4] Per the Examiner's Report, the Walking Stick Property has a value of no less than $3,400,000 and liens totaling no more than $1,830,000. The loan is therefore well secured by the property value. *See* Doc. 176 at Exhibit 9, ECF page no. 511 of 516.

[5] The Clipper Way Property was sold by the Estate and the lien was paid in full at Closing. *See* Motion to Approve Sale of Property, Doc. 381, and Order on Motion to Approve Sale of Property, Doc. 391.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1   There are two unsecured claims that were included in the Debtor's Schedule E/F filed

2   March 21, 2022 as Doc. 47 that were not superseded by filed proofs of claim.

3   M&J Start Construction, Inc. was listed as having an unsecured claim for $711,000.  The

4   claim was not listed as disputed, contingent, or unliquidated.  The Debtor has filed or will be

5   filing a Stipulation confirming that this claim has been fully satisfied and no unpaid amount

6   remains.

7   Sunbrite Pools was listed as having an unsecured claim for $86,952.20.  The claim was

8   not listed as disputed, contingent, or unliquidated.  The Debtor has filed or will be filing a

9   Stipulation confirming that this claim has been fully satisfied and no unpaid amount remains.

10   No other claims were filed.  However, a civil complaint was filed by the Orange County

11   District Attorney's Office while this bankruptcy was pending.  Although it appears that  matter is

12   not subject to the automatic stay pursuant to the exception for enforcement of "police and

13   regulatory power" under section 362(b)(4), the action has been stayed at the request of the D.A.'s

14   office pursuant to stipulation of the parties.  The principal relief sought against the Debtor appears

15   to be injunctive relief.  To the extent that any fines or penalties are sought in that litigation, the

16   Debtor will not be receiving a discharge and those claims may be pursued following dismissal.  It

17   should also be noted that the Complaint filed by the District Attorney in the action appears to be

18   based primarily on the facts and allegations made in the Superior Court lawsuit filed by the State

19   Court Claimants.  Now that that State Court Claimants' claims have been resolved consensually

20   and paid, this progress may lead to a consensual resolution of the District Attorney's action.

21   **III.**

22   **LEGAL AUTHORITY AND ARGUMENT**

23   A.    **The Court Should Dismiss the Case Pursuant to § 1112(b)**

24   The Bankruptcy Code empowers the Court to dismiss a chapter 11 case or convert it to

25   one under chapter 7, whichever is in the best interests of creditors and the estate, for cause.

26   11 U.S.C. § 1112(b)(1).  Courts undertake a two-step analysis: "First, it must be determined that

27   there is 'cause' to act.  Second, once a determination of 'cause' has been made, a choice must be

28   made between conversion and dismissal based on the 'best interests of the creditors and the

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

estate.'" *In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006); *see also In re Marciano*, 459 B.R. 27, 48 (B.A.P. 9th Cir. 2011), *aff'd*, 708 F.3d 1123 (9th Cir. 2013).

### 1.     **"Cause" Exists to Dismiss this Bankruptcy Case Pursuant to § 1112(b) of the Bankruptcy Code.**

Section 1112(b) of the Bankruptcy Code allows the Court to dismiss a chapter 11 case if the movant establishes "cause" for such dismissal, and provides in relevant part:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, *whichever is in the best interests of creditors and the estate*, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1)(italics added).

In this case cause for dismissal exists due to the resolution, settlement and payment of the claims filed against this estate.  At this point, it does not appear that further administration of this case is necessary to provide for payment of the estate's creditors.

### 2.     **Dismissal is in the Best Interests of the Debtor's Creditors and the Estate.**

The estate presently has sufficient cash to pay in full all administrative obligations, including accrued professional fee claims, and to pay in full all unsecured claims[6] as described above, except for disputed claims that will not be adversely affected by dismissal since the Debtor will not be receiving a discharge.

To the extent that any claims remain that are not paid in full by the Trustee prior to dismissal, the Mowlavis still have considerable resources to call upon to satisfy such claims, including but not limited to insurance and three valuable parcels of real estate, consisting of the family residence, a rental property, and the medical building on Coast Highway in Laguna Beach.

---

[6] "Unsecured claims" as that term is used here does not include Claim No. 1-1 filed by CDC Small Business Finance in the amount of $571,753.79.  As noted above, that claim is a contingent claim for a personal guarantee by the Debtor of a loan by the SBA in which the Debtor's wholly-owned entity Cosmetic Plastic Surgery Institute, LLC ("CPSI") is the borrower.  The loan appears to be well secured by a deed of trust encumbering CPSI's commercial property on Pacific Coast Highway in Laguana Beach.  See also footnote 1, above, and the Amended Examiner's Report, Doc. 176 at Exhibit 9, ECF page no. 511 of 516.

1  The Mowlavis would appear to have sufficient resources to resolve any additional unsecured

2  claim that may be pursued.

3      Conversion of the case, on the other hand, places the estate at a continuing risk of new

4  claims arising which may not be covered by adequate insurance.

5      For the foregoing reasons, the Trustee believes that dismissal of the case, and not

6  conversion to Chapter 7, would be in the best interest of the estate and its creditors.

7      **B.**    **There is Cause to Retain Funds on Hand and to Pay Certain Creditors and**

8  **Certain Administrative Expenses, including Professional Fees and Costs.**

9      Although the dismissal of a chapter 11 case typically vacates various orders previously

10  entered by the bankruptcy court, revests the property of the estate in the debtor (or the entity in

11  which property was vested pre-petition), and restores all parties to the prepetition status quo, the

12  Court may order otherwise "for cause." *See* 11 U.S.C. § 349(b).[7]

13      The Supreme Court has acknowledged that dismissals approving distributions to creditors

14  are "increasingly common." *Czyzewski v. Jevic Holding Corp*., 137 S. Ct. 973, 979 (2017).  Such

15  final distribution schemes "ordered in connection with the dismissal of a Chapter 11 case,"

16  however, "cannot, without the consent of the affected parties, deviate from the basic priority

17  rules" contained within the Bankruptcy Code. *Id*. at 978.

18      Courts may also require the payment of administrative fees in connection with the

19  dismissal of a case. *See* LBR 1017-2(e)(3) ("The court may condition the dismissal upon payment

20  of fees and expenses, including fees due to the United States trustee."); *see, e.g.*, *In re Jackson*, 7

21  _____

22  [7] The full text of §349(b) is as follows:
    Unless the court, for cause, orders otherwise, a dismissal of a case other than under
section 742 of this title-

23      (1) reinstates-

24          (A) any proceeding or custodianship superseded under section 543 of this title;
        (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of
this title, or preserved under section 510(c)(2), 522(i)(2),or 551 of this title; and

25          (C) any lien voided under section 506(d) of this title;

26      (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550,
or 553 of this title; and

27      (3) revests the property of the estate in the entity in which such property was vested
immediately before the commencement of the case under this title.

28  11 U.S.C. § 349.

- 13 -

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

B.R. 616, 618 (Bankr. E.D. Tenn. 1980) (requiring chapter 7 debtor to deposit sufficient funds with the trustee to pay all fees, costs, and expenses before dismissing the case on the debtor's request). The Local Rules also acknowledge the Court's retention of jurisdiction over the approval of professionals' fees. *See* LBR 1017-2(f) (itemizing issues over which the Court retains jurisdiction notwithstanding dismissal, including issues arising under 11 U.S.C. § 330).

Here, the claims the Trustee seeks authorization to pay are creditors' claims that are entitled to priority payment, such as priority tax claims and professionals fees, and all undisputed or disputed and resolved unsecured general unsecured claims.  As of this writing, only one general unsecured claim remains unresolved, and that claim (Lindsay Weber, Stretto Claim No. 45 for $30,000) would be covered by the Debtor's errors and omissions insurance.  None of the proposed distributions depart from the priority scheme set forth in §§ 507(a), 724, and 726 of the Bankruptcy Code.

### IV.

### <u>CONCLUSION</u>

Based on the progress and achievements in this Chapter 11 case, it appears that continued administration of this case is unnecessary and would not be in the best interests of the creditors or the Debtor.  Therefore, the Trustee respectfully requests that the Court enter an order,

1.  Authorizing the Trustee to pay from funds in the Trustee's possession certain undisputed claims against the estate;

2.  Dismissing this Chapter 11 case;

3.  Reserving jurisdiction to permit the filing, consideration, and allowance of fee applications by the Trustee and all employed professionals;

4.  Authorizing the Trustee to reserve sufficient funds to pay all such fee applications in full;

5.  Authorizing the Trustee to turn over to the Debtor, after payment of authorized creditor claims, UST fees, and all allowed Trustee fees and professional fees, all funds of the Debtor remaining in the Trustee's possession.

6.    For such other and further relief as the Court may deem just and proper.

Dated:  February 15, 2023                          RINGSTAD & SANDERS LLP

By: _____
    Todd C. Ringstad
    General Bankruptcy Counsel to
    Thomas H. Casey, Chapter 11 Trustee

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

- 15 -

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

## DECLARATION OF THOMAS H. CASEY

I, Thomas H. Casey, do hereby declare:

1.     The following matters are true and correct and within my own personal knowledge, except those matters set forth on information and belief; and as to those matters, I am informed and believe them to be true.  If called upon to do so, I could and would competently testify as to the truth of the matters set forth herein.

2.     I am the duly appointed and acting Chapter 11 trustee for the bankruptcy estate (the "Estate") of Arian S. Mowlavi, M.D ("Debtor").  I make this declaration in support of my motion (the "Motion") for an order dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1).

3.     In preparing this declaration and conducting my examination of the Debtor and this case, I reviewed the electronic docket ("Docket") maintained by the Court for this case and the relevant documents contained in the Docket.

### Filing of the Case and Appointment of the Chapter 11 Trustee.

4.     On February 21, 2022, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code.

5.     On December 22, 2022, the Court entered an Order Granting the State Court Claimants' Motion To Appoint A Chapter 11 Trustee (Doc. 193).

6.     I was appointed Trustee by the United States Trustee by Notice of Appointment of Chapter 11 Trustee filed December 23, 2022 (Doc. 196) and confirmed by Order of the Court entered December 27, 2022 (Doc. 203).

### Financial Status of Case.

7.     I am informed and believe that the Debtor is a Board-certified cosmetic and plastic surgeon.  He also operates several wholly-owned related businesses, including his medical practice through an A.M. Cosmetics Surgery Clinics, Inc., and a commercial medical building and (formerly) surgery center located at 32406 Coast Highway, Laguna Beach, CA through Cosmetic Plastic Surgery Institute, LLC ("CPSI").

8.      The Estate may also have claims to several valuable real properties which, during the year preceding the bankruptcy filing, were transferred from the Debtor and his wife as community property to a revocable living trust the ("Trust"), and pursuant to a newly created Property Agreement, designated as separate property with the Debtor have a 10% separate property interest, and the Debtor's spouse having a 90% property interest.

9.      The Estate has accrued no known unpaid administrative claims other than accrued and not-yet-approved professional fee claims and trustee's fees.

10.      By Stipulation, the residential property located at 29332 Clipper Way, Laguna Niguel, CA was transferred to the Estate from the Trust and I was authorized to sell the Clipper Way property for the benefit of the Estate.  The Clipper Way Property was sold pursuant to the Order of this Court granting the Trustee's Motion to Sell (Doc. 391).

11.      Currently, I am holding approximately $628,481.07 on behalf of the Estate.

**The Trustee has made Substantial Progress in Resolving the Issues in this Case.**

12.      It is my understanding that the principal reason for the commencement of this case was the filing of a state court action asserting claims of 36 plaintiffs (the "State Court Claimants") for medical malpractice and a variety of torts including intentional torts and seeking damages collectively totaling $16,723,566.  Other issues raised in the case concerned certain transfers of interests in real property between the Debtor and his spouse that occurred in the year preceding the filing of the case.  Bankruptcy counsel for the State Court Claimants had filed a proposed Chapter 11 Plan that sought the appointment of a Plan Agent who would liquidate all non-exempt assets of the estate, including all real property interests of the Debtor and his spouse in the Walking Stick, Seven Seas, Clipper Way, and Pacific Coast Highway properties.

13.      My strategy since early in my appointment has been to proceed with a two-pronged approach seeking both (i) preservation of assets and (ii) an expedited method of resolving and liquidating the disputed claims.  With those goals in mind, I first sought to obtain the agreement of the Debtor, his spouse, and his business entities on a court order requiring preservation of all assets that were transferred outside of the ordinary course of business prior to the commencement of the case and avoidance claims for recovery thereof as well as requiring

regular disclosure of all accounts and operations of all business entities in which the Debtor has

an interest.  Simultaneously, I commenced efforts to negotiate and implement a procedure to

expeditiously liquidate the disputed Medical Malpractice Claims for distribution purposes.

14.     My strategy has now been implemented in full.  First, with the assistance of my

counsel, I negotiated and obtained Court approval of a Stipulation with the Debtor for Injunctive

Relief and Reporting Requirements (filed January 31, 2023 as Doc. 244) which was approved by

the Court by Order entered February 16, 2023 as Doc. 272.  Among other things, the Stipulation

enjoined the Debtor, his wife, and related entities from transferring any interest in any in the

Walking Stick, Seven Seas, Clipper Way, and Pacific Coast Highway properties, or transferring

any interest in the various entities owned by Dr. Mowlavi (A.M. Cosmetic Surgery Clinics, Inc.;

Laguna Surgery Institute, LLC; Cosmetic Plastic Surgery Institute, LLC, and Mermaid

Cosmetics, LLC; collectively herein referred to as the "Entities") and required regular reporting

to me of all accounts of Dr. Mowlavi, his spouse, and the Entities.

15.     With respect to the second prong of my approach, I opposed approval of the plan

and disclosure statement filed by the State Court Claimants and their Motion for Relief from the

Automatic Stay, and communicated frequently with insurance counsel for Dr. Mowlavi to

implement a strategy for a negotiated resolution of the 36 disputed claims.  These efforts came to

fruition with the filing on November 21, 2023, of my Amended Motion for Order Approving

Compromise of Controversy (Doc. 503) which sought approval of a written Release and

Settlement Agreement of all 36 claims.  The Motion was approved by Order entered December

14, 2023 as Doc. 512 and the settlement of the 36 claims has been fully funded from proceeds of

insurance policies that are assets of the bankruptcy estate.

16.     Meanwhile, the operations of the Debtor's business did not generate sufficient

funds to cover the administrative costs accruing during the administration of this case.  Thus, I

sought to negotiate with the Debtor and his spouse the transfer of the Clipper Way Property to the

Estate to allow for a sale of that property for the benefit of the estate and its administrative and

pre-petition creditors.  These negotiations resulted in a Stipulation with the Debtor and his spouse

to transfer the Clipper Way property to the estate and authorization for me to market and sell the

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

property.  The Stipulation was filed on May 9, 2023 as Doc. 327 and approved by Order entered May 31, 2023 as Doc. 362.  After engaging a broker to assist in marketing and selling the Clipper Way property, I successfully sold the Clipper Way property by Order entered July 20, 2023 as Doc. 391.  The funds received from the Clipper Way sale have largely funded the administrative expenses of this Estate and remain the majority of the funds remaining in my possession.  With these funds, I believe that there are sufficient funds to pay remaining administrative claims and satisfy creditor claims as described herein.

### Analysis of Status of Creditor Claims.

17.     By Order entered March 1, 2022, Stretto, Inc. ("Strettto") was appointed as claims agent for the Estate.  By Order entered March 11, 2022, the claims bar date for general, unsecured claims was set for May 17, 2022.  By Order entered March 11, 2022 (Doc. 44), May 17, 2022, was fixed as the last day for the filing of claims against the Estate.   A total of 45 claims were filed with Stretto.  Additionally, eight claims have been filed directly with the Bankruptcy Court.  An analysis of all filed claims follows:

### Resolution of Stretto Claims.

18.     The State Court Claimants each filed a claim with Stretto (Stretto Claim Nos. 6, 8-41 and 43), which collectively totaled approximately $16,649,813.08.  The State Court Claimants are all plaintiffs in a single action filed by the State Court Claimants prior to the commencement of the case and are represented in this Bankruptcy Case by Thomas J. Polis and in the state court proceeding by Hodes Millman and Ikuta Hemesath.  As discussed above, these claims have been settled (see Doc. 512) and the settlement amount has been fully funded.  I am informed that the Superior Court action commenced by the State Court Claimants has been dismissed.

19.     In addition to the 36 State Court Claimants, nine additional claims lacking key information were also filed with Stretto. These are Stretto Claim Nos. 1-5, 7, 42, 44, and 45.  To minimize professional fees, I deferred to Debtor's counsel to negotiate and document allowed amounts of these claims as follows:

a.  <u>Stretto Claim No. 1</u>: Patient #1007 filed Stretto Claim No. 1 for "10k" for an "overcharge at least by $8-$10k."  The Debtor has filed or will be filing a

Stipulation amending this claim to reduce the claim amount to $1,200.  I am

requesting authorization to pay the stipulated amount in full.

b.    <u>Stretto Claim No. 2</u>: Patient #25 filed Stretto Claim No. 2 for $1,000 asserting

a deposit paid for a surgery that was not performed.   Because the amount of

the claim is *de minimis*, I request authorization to pay the claim in full.

c.    <u>Stretto Claim No. 3</u>: Patient #519 filed Stretto Claim No. 3 asserting a claim in

the amount of $26,000 for "loan secured for services performed." The Debtor

has filed or will be filing a Stipulation amending this claim to reduce the claim

amount to $3,900.  I am requesting authorization to pay the stipulated amount

in full.

d.    <u>Stretto Claim No. 4</u>: Patient #516 filed Stretto Claim No. 4.  The amount of the

claim is not stated but the description for the basis of the claim states,

"Financed Surgery Through Lending USA for 8,000."   The Debtor has filed or

will be filing a Stipulation amending this claim to reduce the claim amount to

$1,600.  I am requesting authorization to pay the stipulated amount in full.

e.    <u>Stretto Claim No. 5</u>: Nargis Zahir filed a Stretto Claim No. 5 asserting a claim

for $1,000.  The basis of the claim is not stated.  Because the amount of the

claim is *de minimis*, I am requesting authorization to pay the claim in full.

f.    <u>Stretto Claim No. 7</u>:  Patient #26 filed Stretto Claim No. 7 asserting a claim for

$24,000 which appears to state a claim for malpractice.  The Debtor has filed

or will be filing a Stipulation amending this claim to reduce the claim amount

to $4,800.  I am requesting authorization to pay the stipulated amount in full.

g.    <u>Stretto Claim No. 42</u>: Patient #326 filed Stretto Claim No. 42 which does not

state the amount of a claim or the basis for a claim.  Stretto Claim No. 42 is

therefore entitled to no payment.

h.    <u>Stretto Claim No. 44</u>: Patient #724 filed Stretto Claim No. 44 asserting a claim

in the amount of $6,000 which appears to state a claim for malpractice.  The

Debtor has filed or will be filing a Stipulation amending this claim to reduce

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

the claim amount to $1,200.  I am requesting authorization to pay the stipulated amount in full.

i.  <u>Stretto Claim No. 45</u>:  Lindsay Weber filed Stretto Claim No. 45 asserting a claim for $30,000 which appears to state a claim for malpractice.  I do not intend to pay this claim on the basis that the claim is disputed by the Debtor.  The Debtor appears to have adequate insurance coverage for this claim and will have adequate assets post-dismissal to pay this claim.  The Debtor will not be receiving a discharge by reason of the dismissal so the creditor's claim will be unimpaired by dismissal.

**<u>Resolution of Claims filed in the Bankruptcy Court Clerk's Office:</u>**

20.  Eight claims were filed directly with the Bankruptcy Court Court's Clerk's Office:

a.  Claim No. 1-1 filed by CDC Small Business Finance in the amount of $571,753.79 asserts a claim that is a contingent claim for a personal guarantee by the Debtor of a loan by the SBA in which the Debtor's wholly-owned entity Cosmetic Plastic Surgery Institute, LLC ("CPSI") is the borrower.  The loan appears to be well secured by a deed of trust encumbering CPSI's commercial property on Pacific Coast Highway in Laguana Beach.[8]

b.  Claim No. 2-1 is a secured claim of $1,824,633.77 of U.S. Bank Natl. Assn.  This claim is secured by a deed of trust on 32401 Seven Seas Dr., Dana Point, CA 92629.  As detailed in the Examiner's Report, the loan appears to be well secured.[9]

c.  Claim No. 3-1 asserts a general unsecured claim by Maryam Taheri. in the amount of $150,000 for "personal injury, medical malpractice."  On November

---

[8]  The Examiner's Report included an extensive analysis of the value of the real properties in which Dr. Mowlavi has at least a five percent interest, and arguably has a community property interest in 100% of the title to the properties, and concludes that the CPSI property at 32406 Coast Highway, Laguna Beach, CA has an estimated fair market value of $3,274,350 and an estimated equity value net of existing liens of $2,497,540.  *See* Amended Examiner's Report, Doc. 176 at Exhibit 9, ECF page no. 511 of 516.

[9]  Per the Examiner's Report, the Seven Seas Property has a value of no less than $4,000,000 and liens totaling no more than $1,890,000.  The loan is therefore well secured by the property value.  *See* Doc. 176 at Exhibit 9, ECF page no. 511 of 516.

1    6, 2023, the Trustee's Motion to Approve Compromise of Controversy was

2    filed which settled the Taheri claim for the sum of $29,999.99 to be paid by the

3    Estate's errors and omissions policy.  See Doc. 494. The settlement was

4    approved by Order entered December 13, 2023 as Doc. 511.  The Taheri claim

5    has therefore been settled and paid.

6    d.   Claim No. 4-1 is a secured claim of $1,776,314.92 filed by U.S. Bank Natl.

7         Assn.  This claim is secured by a deed of trust on 1 Walking Stick, Laguna

8         Niguel, CA 92677.  As detailed in the Examiner's Report, the loan appears to

9         be well secured.[10]

10   e.   Claim No. 5-1 filed by Sally Ruiz is a general unsecured claim relating to

11        medical services.  The original claim contained an inadvertent error that

12        rendered the amount of the claim difficult if not impossible to ascertain.  Ms.

13        Ruiz filed an amended claim on August 15, 2023 asserting a claim in the

14        amount of $7,000.00 relating to medical services.  The claim lacks supporting

15        evidence.  The Debtor has filed a Stipulation resolving and allowing the claim

16        for $2,000.  The Trustee intends to pay the stipulated amount in full.

17   f.   Claim No. 6-1 is a secured claim of $259,669.92 filed by U.S. Bank Natl.

18        Assn.  This claim is secured by a deed of trust on 29332 Clipper Way, Laguna

19        Niguel, CA 92677.  This loan was paid in full from the proceeds of the sale of

20        the Clipper Way property by the Trustee.[11]

21   g.   Claim No. 7-1 was filed by the Franchise Tax Board in the amount of

22        $57,134.00 on October 31, 2022.  The Franchise Tax Board filed an

23        amendment on July 7, 2023 (Claim 7-2) stating the claim amount as $0.  This

24        claim is therefore not entitled to payment.

---

[10]  Per the Examiner's Report, the Walking Stick Property has a value of no less than $3,400,000
and liens totaling no more than $1,830,000.  The loan is therefore well secured by the property
value. *See* Doc. 176 at Exhibit 9, ECF page no. 511 of 516.
[11] The Clipper Way Property was sold by the Estate and the lien was paid in full at Closing. *See*
Motion to Approve Sale of Property, Doc. 381, and Order on Motion to Approve Sale of
Property, Doc. 391.

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

h. Claim No. 8-1 is a claim filed by the Internal Revenue Service as an unsecured

as a 507(a)(8) priority claim of $175,406.06 and a general unsecured claim of

$6,812.44 for a total claim in the amount of $182,218.50. I hereby request

permission to pay the IRS claim in full prior to dismissal.

**Scheduled, Undisputed Unsecured Claims.**

21.     There are two unsecured claims that were included in the Debtor's Schedule E/F

filed March 21, 2022 as Doc. 47 that were not superseded by filed proofs of claim.

22.     M&J Start Construction, Inc. was listed as having an unsecured claim for

$711,000. The claim was not listed as disputed, contingent, or unliquidated. The Debtor has filed

or will be filing a Stipulation confirming that this claim has been fully satisfied and no unpaid

amount remains.

23.     Sunbrite Pools was listed as having an unsecured claim for $86,952.20. The claim

was not listed as disputed, contingent, or unliquidated. The Debtor has filed or will be filing a

Stipulation confirming that this claim has been fully satisfied and no unpaid amount remains.

24.     No other claims were filed. However, a civil complaint was filed by the Orange

County District Attorney's Office while this bankruptcy was pending. Although it appears that

matter is not subject to the automatic stay pursuant to the exception for enforcement of "police

and regulatory power" under section 362(b)(4), the action has been stayed at the request of the

D.A.'s office pursuant to stipulation of the parties.

25.     The principal relief sought against the Debtor appears to be injunctive relief. To

the extent that any fines or penalties are sought in that litigation, the Debtor will not be receiving

a discharge and those claims may be pursued following dismissal. It should also be noted that the

Complaint filed by the District Attorney in the action appears to be based primarily on the facts

and allegations made in the Superior Court lawsuit filed by the State Court Claimants. Now that

that State Court Claimants' claims have been resolved consensually and paid, this progress may

lead to a consensual resolution of the District Attorney's action.

26.     I believe that the principal goals of this Chapter 11 case have now been

accomplished and that further administration of this case is unnecessary and would not provide

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1  additional benefit to the creditors of this estate or the Debtor.  I believe that dismissal of the case

2  is in the best interests of the creditors.  Therefore, I seek dismissal of this case, permission to pay

3  claims as set forth herein, authorization to withhold sufficient funds to cover amounts sought for

4  payment by professional fee claimants and the Trustee, authorization to pay those claims once

5  allowed, and authorization to return any funds remaining to the Debtor.

6       I declare under penalty of perjury that the foregoing is true and correct.

7       Executed this _15_ day of February, 2024 at Mission Viejo, California.

8

9

10  THOMAS H. CASEY

Ringstad & Sanders
LLP
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4910 Birch Street, Suite 120, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION BY CHAPTER 11 TRUSTEE FOR
ORDER DISMISSING CASE AND AUTHORIZING PAYMENT OF UNDISPUTED CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS H. CASEY IN
SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February
15, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Karen S. Naylor**    Becky@ringstadlaw.com,
  Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Renee M Parker**    renee.parker@mtglawfirm.com,
  bknotice@earthlink.net;ecf@mtglawfirm.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com,
  ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-
  law.com;r59042@notify.bestcase.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Ashley M Teesdale**    ashley@ringstadlaw.com,
  becky@ringstadlaw.com;arlene@ringstadlaw.com
- **Tamar Terzian**    tterzian@hansonbridgett.com, ssingh@hansonbridgett.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **J Scott Williams**    jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On February 15, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 15, 2024 | Becky Metzner | /s/ Becky Metzner |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-8
Case 8:22-bk-10296-SC
Central District of California
Santa Ana
Thu Feb  8 17:11:28 PST 2024

Hahn Fife & Company LLP
1055 E. Colorado Blvd #5
Pasadena, CA 91106-2371

Hode Milman Ikuta State Court Tort Claimants
c/o Polis & Associates
19800 MacArthur Blvd.,  Suite 1000
Irvine, CA 92612-2433

Ringstad & Sanders LLP
4910 Birch St Ste 120
Newport Beach, CA 92660-2188

Ringstad & Sanders LLP
4910 Birch St Ste 1200
Newport Beach, CA 92660-2188

Stretto
Attn: Sheryl Betance
410 Exchange, Ste 100
Irvine, CA 92602-1331

ECF Notice
Team Johnson, LLC
c/o Polis & Associates
19800 MacArthur Blvd., Suite 1000
Irvine, CA 92612-2433

Updated below
U.S. Bank National Association
c/o The Mortgage Law Firm, PLC
27368 Via Industria, Suite 201
Temecula, CA 92590-4856

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Counsel Served
AG an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

AM Cosmetic Surgery Clinics Inc
32406 Coast Hwy # 1
Laguna Beach, CA 92651-6783

Antonious Abraham PA-C
99 Corn Rd
Bolton, MA 01740-1055

Arian Mowlavi
32401 Seven Seas Dr
Dana Point, CA 92629-3529

Counsel Served
BC an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
BH an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
BM an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
CC an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

CDC Small Business Finance
2448 Historic Decatur Rd Ste 200
San Diego, CA 92106-6116

Counsel Served
CJ an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
CL an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
CSJ an individual
c/o Hodes Milman Ikuta
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
Chalene Johnson/Team Johnson LLC
c/o Hodes Milman Ikura LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
DP an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Undeliverable 11/14/23
Emmanuel Addo MD
14662 Newport Ave
Tustin, CA 92780-6064

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Counsel Served
GC an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
GG an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA, PA 19101-7346

ECF Service
J Scott Williams Attorney at Law
15615 Alton Pkwy Ste 175
Irvine, CA 92618-7303

Counsel Served
JH an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

James Gardner
32406 Coast Hwy # 1
Laguna Beach, CA 92651-6783

KJ an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

KM an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
LG an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
LS an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Laguna Surgery Institute LLC
32406 Coast Hwy # 1
Laguna Beach, CA 92651-6783

M & J Star Construction Inc
23482 Peralta Dr Ste D1
Laguna Hills, CA 92653-1733

MM an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
MP an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
MR an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Maryam Taheri
c/o Majid Safaie
3187 Red Hill Ave. Ste. 115
Costa Mesa, CA 92626-3480

Counsel Served
NB an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Counsel Served
SL an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Sally Ruiz
Patient #810
1730 S William Miller Dr.
Anaheim CA 92804-6424

Returned /unable to forward
Sean Satey MD
8929 University Center Ln Ste 205
San Diego, CA 92122-1008

Undeliverable
Siva Natarajan MD
1200 N State St Ste 14901
Los Angeles, CA 90089-1001

Sunbrite Pools
2549 Eastbluff Dr Ste 389
Newport Beach, CA 92660-3500

Counsel Served
TA an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine, CA 92618-4661

Updated below
(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Updated below
(p)U S  BANK
4801 FREDERICA STREET
OWENSBORO KY 42301-7441

ECF Service
United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Counsel Served
VS an individual
c/o Hodes Milman Ikuta LLP
9210 Irvine Center Dr
Irvine CA 92618-4661

Arian Mowlavi
1 Walking Stick
Laguna Niguel, CA 92677-5300

ECF Service
Chalene Johnson
Polis & Associates, APLC
19800 MacArthur Blvd.,  Suite 1000
Irvine, CA 92612-2433

ECF Service
J Scott Williams
15615 Alton Pkwy Ste 175
Irvine, CA 92618-7303

Marsha Brinkman
c/o Pagter and Perry Isaacson
1851 E. First Street
Suite 700
Santa Ana, CA 92705-4064

ECF Service
Mckenna Gorham
c/o Thomas J. Polis, Esq.
Polis & Associates, APLC
19800 MacArthur Blvd., Suite 1000
Irvine, CA 92612-2433

ECF Service
Tamar Terzian
Epps & Coulson LLP
1230 Crenshaw Blvd
Torrance, CA 90501-0421

ECF Service
Thomas H Casey (TR)
26400 La Alameda, Suite 210
Mission Viejo, CA 92691-8578

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

U.S. Bank National Association                  US Bank
c/o U.S. Bank Home Mortgage,                    PO Box 21948
a division of U.S. Bank N.A.                    Eagan, MN 55121-0948
4801 Frederica Street
Owensboro, Kentucky 42301

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Bryan Gerlach                    (u)Karen Sue Naylor                    (u)Ross Landreth
Pacific Sotheby's International Rea

End of Label Matrix
Mailable recipients    58
Bypassed recipients     3
Total                  61

Special Notice Service List

Diran H. Tashjian, Deputy District Atty
County of Orange
300 N. Flower Street
Santa Ana, CA 92703

Sarvnaz Homa Younpour
1 Walking Stick
Laguna Niguel, Ca 92677

Hodes Milman Ikuta LLP
9210 Irvine Center Drive
Irvine, CA 92618-7303

Patient #1007
Stretto Claim #1
2414 Sweetwood Ct
Brookshire, TX 77423-2972

Patient #25
Stretto Claim #2
24193 Chestnut Oak Street
Murieta, CA 92562

Patient #519
Stretto Claim #3
1345 Ronda Ave
Escondido, CA 92027-1662

Patient #516
Stretto Claim #4
1786 MALLORY STREET
SAN BERNARDINO, CA 92407

Stretto Claim #5
Nargis Zahir
45110 corte Carolina
Temecula, Ca 92592

Patient #26
Stretto Claim #7
17521 Berlark Circle
Huntington beach, CA 92649

Patient #326
Stretto Claim #12
4661 Plumosa Drive apt 21
Yorba Linda, CA 92886

Patient #724
Stretto Claim #44
423 E 61st St Unit 2
Los Angeles, CA 90003

Stretto Claim #45
Lindsay Weber
24882 Summerwind
Dana Point, CA 92627

Stretto Claim #45
Lindsay Weber
c/o Tyler Borchard
28572 Via Primavera
San Juan Capistrano, Ca 92675-5514